## DEARING *v.* STATE OF INDIANA.

[No. 28,399. Filed May 25, 1948.]

274

*Nicholas Sufana,* of Indianapolis, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for State.

YOUNG, C. J.—Appellant was convicted of grand larceny and upon this appeal challenges the sufficiency of the evidence and the validity of a search of appellant's room, made without a warrant, which discovered damaging evidence used at his trial.

We will consider first the search of appellant's room which the appellee seeks to justify only upon the ground that appellant consented thereto and thereby waived his constitutional immunity to unreasonable search or seizure.

Appellant was charged with stealing $585.00 in currency alleged to belong to one H. W. McGrew on August 21, 1947. There was evidence that appellant was about the McGrew home on the day and in the evening of August 21, 1947; that McGrew had left his billfold under one of the cushions of a couch in a downstairs room; that it contained five $100.00 bills, a $50.00 bill, a $20.00 bill and a $10.00 bill; that early in the evening he went upstairs and forgot to take his billfold with him; that appellant was the only person who was in the house that evening after McGrew went upstairs

to bed, except McGrew's wife and daughter, although it appeared that it was a hot evening and the doors and windows were open until the house was closed for the night.

The next morning McGrew remembered leaving his billfold under a cushion on the davenport and went downstairs to get it, but it was missing. He notified the police and told them that he suspected appellant. Two police officers then went to appellant's room some distance away. It is uncontradicted that when the officers arrived at appellant's room they knocked on his door and told him who they were; that he was in bed but got up and unhooked the screen door and let them in; that they asked permission to search his room, which he gave, and even helped them in their search. Every witness at the hearing on the motion to suppress the evidence, however, including both police officers, testified that the police officers had told appellant of the lost money and that if he did not consent to a search they would take him down and lock him up and obtain a search warrant, and that it was only after such statements that he consented to the search. The search was made. McGrew's billfold was not found, but appellant's billfold was found concealed in the pillow-slip on appellant's bed and contained five $100.00 bills, a $20.00 bill, a $10.00 bill and a $5.00 bill.

Appellant moved to suppress the evidence obtained by the search which was overruled. At appellant's trial the officers were permitted to testify as to what they found in the course of their search, over an objection that the evidence sought to be elicited was gained as a result of an unlawful search, and the money found was likewise permitted to be introduced in evidence over appellant's objection based upon the same ground.

A search of premises, with the consent of the accused,

is not unlawful and evidence obtained upon such search may properly be used in the prosecution of the accused. *Shuck* v. *State* (1944), 223 Ind. 155, 167, 59 N. E. 2d 124; 22 C. J. S. Criminal Law, § 657. Such consent, however, must be voluntarily and understandingly given, *Shuck* v. *State, supra,* and may not be induced by coercion, duress, or fraud. *Meno* v. *State* (1925), 197 Ind. 16, 24, 148 N. E. 420; *Conner* v. *State* (1929), 201 Ind. 256, 259, 167 N. E. 545; *Amos* v. *United States* (1921), 255 U. S. 313, 317, 65 L. ed. 654, 656; *Anne Johnson* v. *United States,* decided by the Supreme Court of the United States on February 2, 1948, and appearing in Vol. 92, at p. 323 of Law ed. Advance Opinions.

In *Conner* v. *State, supra,* a search warrant was read to the accused's wife who was alone at home and she said in substance that the officer was welcome to search and invited him in. It developed that the search warrant was faulty and the State had to rely upon consent to justify the search, but this court held that such consent was not sufficient and said, "But, upon the language used by the wife while under the restraint of the writ which had been served upon her, a waiver of the constitutional right, and an invitation to search and seize may not be predicated."

In *Meno* v. *State, supra,* much the same situation was presented and this court held that the acquiescence in search was not an invitation to the search but was submission to the law and that search was not justified upon the ground of consent. We said on p. 24 of 197 Ind.: "An invitation to search one's person or possessions, and seize a person or property, under the constitution, must be free from any coercion, duress, or fraud." And we held in effect that if consent has been induced by coercion the accused's constitutional im-

munity from unreasonable search and seizure has not been waived.

In *Amos* v. *United States, supra,* two revenue officers went to defendant's home without either a search warrant or an arrest warrant. Defendant was not there. His wife was, and they told her that they were revenue officers and had come to search the premises for violations of the revenue law, and thereupon she let them in and they searched and found illicit whiskey. The search was attempted to be justified by the consent of the wife. The Supreme Court said that it did not need to consider whether it was possible for a wife, in the absence of her husband, to waive his constitutional rights by consent because, the court said, it seemed perfectly clear that the demand of the officers, after disclosing their identity, amounted to implied coercion and that consent under such circumstances would not constitute a waiver even if the wife had authority. If the mere demand of the officers that they be allowed to search without a warrant was so coercive in character as to nullify the consent under which entry was made it would seem that in the case before us the threat of arrest and the threat of taking the accused to jail was so coercive as to render involuntary the consent upon which the State relies.

In the case of *Anne Johnson* v. *United States, supra,* a police officer, accompanied by Federal narcotic agents smelled burning opium and knocked at the door of the room from which the odor seemed to come. They announced themselves as officers, the door was opened and they entered and the only occupant of the room was placed under arrest and a search was made which turned up incriminating opium and smoking apparatus apparently warm from recent use. The search was held unlawful. The opinion suggests three

ideas, which are pertinent in the matter before us. It says: "Entry to defendant's living quarters, which was the beginning of the search, was demanded under color of office. It was granted in submission to authority rather than as an understanding and intentional waiver of a constitutional right." The same may be said in the case before us. It holds that because the facts would justify a search warrant does not authorize officers to make a search without a warrant, and it further points out that the search cannot be justified as incident to the arrest, because the arrest was made upon the basis of what was discovered by the search. Thus the officers were obliged to justify the arrest by the search and at the same time to justify the search by the arrest. So in the case before us, the fact that the circumstances justified a search warrant if presented to the proper magistrate did not authorize officers to search without a warrant, and the fact that an arrest was made because of what was found upon the search, did not justify the search as an incident of an arrest.

The law seems to be well established, and it appears to us that the threat of arrest and the threat of taking the accused down to jail was so coercive as to render involuntary the consent upon which the State relies and that, therefore, appellant did not waive his constitutional immunity against unreasonable search and seizure and the court erred in overruling the motion to suppress the evidence found in the course of the search.

For the same reasons it follows that the court erred in permitting the police officers to tell the jury what they found in the course of their search and erred in permitting the money seized to be introduced into evidence.

Because of these errors the case must be reversed

and it becomes unnecessary to consider the sufficiency of the evidence. The court's decision was based upon evidence which included that which should not have been permitted, and we have no way of knowing what conclusion the court would have reached had such evidence not been considered.

Judgment reversed, with instructions to sustain the appellant's motion to suppress the evidence found upon the search of appellant's room and to sustain appellant's motion for a new trial.

NOTE.—Reported in 79 N. E. 2d 535.