LEISURE *v.* HICKS.

1. ARREST—WITHOUT WARRANT.
An arrest for a felony without a warrant is made at the peril of the officer.

2. SAME—WITHOUT WARRANT—PROBABLE CAUSE.
An arrest for a felony without a warrant is not justified except as the arresting officer has probable cause to believe that the person arrested is guilty of the claimed offense.

3. SAME—WITHOUT WARRANT—PROBABLE CAUSE—CONFLICTING EVIDENCE—QUESTION FOR JURY.
The matter of probable cause for the making of an arrest by an officer without a warrant is for the jury in an action against a deputy sheriff for illegal arrest and detention, where there is conflicting evidence or reasonable minds might differ as to the inference to be drawn.

4. SAME—ILLEGAL ARREST—PROBABLE CAUSE—CONCEDED OR UNCONTRADICTED FACTS.
Issues in action for illegal arrest and detention as to probable cause are for the court, where the facts are conceded or the evidence is uncontradicted and susceptible of only 1 reasonable inference.

5. SAME—DEPUTY SHERIFF—PROBABLE CAUSE—EVIDENCE.
Defendant deputy sheriff acted as a reasonably prudent person in believing plaintiff was guilty of a felony and that his arrest without a warrant under the circumstances was justified, where it appears plaintiff's wife had complained to law-enforc-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur, Arrest § 121.
[2–5] 4 Am Jur, Arrest § 25; 22 Am Jur, False Imprisonment § 79.
[2–5] Constitutionality of statute or ordinance authorizing an arrest without a warrant. 1 ALR 585.
[6–9] 4 Am Jur, Arrest § 70; 22 Am Jur, False Imprisonment § 20.
[6–9] Delay in taking before magistrate or denial of opportunity to give bail as supporting action for false imprisonment. 79 ALR 13.

ing officers that plaintiff had had illicit relations with their 10-year-old daughter, defendant was directed to investigate the alleged crime and he worked with other law-enforcing officials, interviewed at length the plaintiff and other members of his family and had a written statement of the alleged child victim which was clear and convincing and substantially unshaken by cross-examination, that defendant had no personal interest in the matter and was guilty of no intentional wrongdoing, hence, the ensuing arrest was legal as a matter of law.

6. SAME—REASONABLE DETENTION.

The fact that an arrest was legal when made would not make reasonable and proper detention of the arrested person for a period of 4 days without a complaint being made before a magistrate (CL 1948, § 764.13).

7. SAME—INSTRUCTION—UNREASONABLE DETENTION.

Instruction in action for illegal arrest and detention that plaintiff's detention of almost 4 days might be unreasonable *held,* proper (CL 1948, § 764.13).

8. FALSE IMPRISONMENT—ARREST—HEARING—DELAY.

A prisoner is entitled to a hearing within a reasonable time after his arrest and a delay for an unreasonable length of time in bringing him before the court constitutes false imprisonment (CL 1948, § 764.13).

9. SAME—ARREST WITHOUT WARRANT—HEARING—DELAY OF 4 DAYS.

Whether or not plaintiff's detention for several days without a warrant and without appearance before a judicial officer while making little or no progress in discovering the circumstances of the alleged crime for which plaintiff had been arrested was the action of a prudent person *held,* a question for the jury under the undisputed facts in action against deputy sheriff (CL 1948, § 764.13).

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEW TRIAL—ERRORS IN INSTRUCTIONS—EVIDENCE—TRIAL—DAMAGES.

Claimed errors in court's charge to the jury, in the admission of testimony and in the conduct of the trial and the failure to prove damages are questions not considered by the Supreme Court on appeal from judgment for plaintiff, where a new trial is granted because of error in submitting question to jury which should have been determined by the court in civil action for illegal arrest and detention.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 22, 1952. (Docket No. 101, Calendar No. 45,206.) Decided March 10, 1953.

Case by Horace N. Leisure against Floyd G. Hicks, deputy sheriff of Ingham County for false imprisonment. Verdict and judgment for plaintiff. Remittitur filed. Defendant appeals. Reversed and new trial granted.

*Roy T. Conley,* for plaintiff.

*Sigler & Anderson,* for defendant.

ADAMS, J. This is an action at law for damages resulting from the alleged illegal arrest and detention of the plaintiff.

On July 4, 1949, the defendant, a deputy sheriff of Ingham county, arrested the plaintiff and delivered him to the custody of the sheriff. He remained in such custody until July 8th. Plaintiff claimed the arrest was illegal and the detention unreasonable. Upon trial before a jury, a verdict was returned for the plaintiff for illegal arrest and judgment entered against the defendant. After defendant's motion for a new trial had been denied, this appeal was taken.

The facts are substantially undisputed. Plaintiff, a married man with several children, was living apart from his wife in the city of Lansing. On June 30, 1949, the wife went to a justice of the peace in Lansing township and complained of her husband's illicit relations with their 10-year-old daughter. The justice of the peace called the Ingham county chief deputy sheriff and was told that an investigation would be made. The chief deputy sheriff then asked the wife to come to his office where she again complained of her husband's con-

duct. No progress was made in the investigation and on July 3d another deputy sheriff in the sheriff's office at Mason called the defendant in reference to the complaint. The defendant and deputy sheriff Cameron then went to the plaintiff's wife's home and talked with her about the matter.

The following day, July 4th, defendant and deputy sheriff Cameron brought the wife and her 10-year-old daughter, Madeline, to the sheriff's office in Lansing and talked with each of them. As a result of their conference with the daughter, a series of questions and answers were typed and then read to both the daughter and mother and thereafter signed by the daughter. The answers described acts of the plaintiff which, if true, would have constituted the commission of a felony. Defendant testified that he believed the statement to be true and because of the serious nature of the alleged felony, he and deputy Cameron started a search for the plaintiff. He was eventually located at the home of his sister in Lansing and about 11 p.m. that night he was arrested and taken to the county jail by the 2 deputies.

On July 5th plaintiff's attorney was notified of his imprisonment but indicated no interest in his immediate release. That same day, plaintiff was interviewed for approximately 5 minutes at the county jail and upon a denial of guilt was returned to his cell. That afternoon, defendant conferred with the prosecuting attorney of Ingham county and was advised to hold plaintiff in jail and continue the investigation. Later the defendant and a detective sergeant of the Michigan State police went to the wife's home and talked with the 3 older sisters, obtaining little or no further information in reference to the alleged crime.

The next morning, July 6th, the defendant and a Michigan State police detective sergeant again

talked with Leisure in the sheriff's office and suggested that a lie-detector test be taken, which he agreed to do. The test was taken on July 7th and shortly thereafter the defendant took the plaintiff to the office of the prosecuting attorney who, after learning the result of the lie-detector test, conferred with the plaintiff, suggested a physical examination of 3 older daughters of the plaintiff, and then recommended to the defendant that he return the plaintiff to the county jail, which was done.

The following day, July 8th, the 3 older daughters were given an examination by a local doctor and as soon as the report was available the defendant took it to the prosecutor's office but found that the prosecutor had left the city and would be absent for several days. The plaintiff was then released from jail and taken to his mother's home.

At no time was the plaintiff misused and it was neither alleged in the pleadings nor proved that defendant was guided by malice, fraud, or other improper motives in his actions. Defendant had been a police officer for approximately 10 years and his only previous contact with the plaintiff occurred on March 15, 1949, when he picked up the plaintiff at his place of employment and had him detained at the county jail overnight, a petition having been filed in the probate court alleging that he was mentally ill and dangerous. In that instance no commitment was ordered by the probate judge.

It is the position of the defendant and appellant that, there being no real dispute as to the facts, it was error to submit to the jury the question of whether defendant had probable cause to believe that plaintiff had committed a felony. He contends that the issue should have been determined by the court as a matter of law.

This problem has been before this Court frequently as evidenced by the long list of precedents referred to in both the appellant's and appellee's briefs, and in some instances we have said that where the facts are undisputed, the question of probable cause is one of law, for the court. *Schneider* v. *Shepherd,* 192 Mich 82 (LRA1916F, 399).

On the other hand, there has been reluctance to apply an absolute rule to each case, as aptly illustrated in *Filer* v. *Smith,* 96 Mich 347, 356 (35 Am St Rep 603), where the rule as above stated was quoted, followed by the observation:

"But it is apparent at a glance that the rule is not one susceptible of establishing a general test, by which the question may be determined in all cases."

Although the facts there were undisputed, the Court held that it was for the jury to determine whether the resemblance of a photograph to the person arrested was so striking as to be convincing to a man of ordinary prudence and good judgment.

An arrest for a felony without a warrant is made at the peril of the officer (*People* v. *Ward,* 226 Mich 45), and no such arrest is justified except as the arresting officer has probable cause to believe that the person arrested is guilty of the claimed offense. In such cases, private rights tend to conflict with the public interest. While fundamental rules of constitutional immunity cannot be relaxed and private liberty must at all times be protected (*Malcolmson* v. *Scott,* 56 Mich 459), nevertheless the orderly and efficient enforcement of the law in the protection of our society requires the prompt arrest and detention of those persons honestly and reasonably believed to be guilty of crime. Delay in arrest may endanger the public by permitting a felon to remain at large. It may also permit his escape. No exact

and safe yardstick can be established. Facts which might constitute probable cause justifying an arrest in one situation might not justify an arrest in the opinion of a reasonably prudent person under other circumstances, and we therefore feel that the better interpretation of the rule applicable in these cases, and one which we believe to be consistent with precedents of this Court, appears in 10 Callaghan's Michigan Pleading and Practice, § 73.15, wherein it is said:

"As to all points respecting which the evidence is conflicting or reasonable minds might differ as to the inference to be drawn, it is for the jury to determine which way the evidence preponderates or what inferences should be drawn therefrom. Under such circumstances it is for the jury to determine whether there was probable cause for making an arrest or instituting proceedings complained of, whether the period of detention of plaintiff was unreasonable, whether a servant, officer or agent was acting under orders or authority of a principal or superior so as to make the latter responsible for his acts, or whether defendant was actuated by malice. Whether there was a full and fair disclosure of information to an attorney upon whose advice defendant claims to have relied may also be a fact question. The facts being conceded or the evidence being uncontradicted and susceptible of only 1 reasonable inference, issues as to probable cause are for the court."

Very briefly reviewing the testimony as it appears in the record, we find that the defendant was instructed by a superior officer to investigate the alleged crime committed by the plaintiff; that during his investigation the defendant at all times worked in conjunction with other law-enforcing officials, that he interviewed at length the plaintiff and several members of his family; that the written statement

of the minor child upon which defendant primarily based his belief of the guilt of the plaintiff was clear and convincing and substantially unshaken by cross-examination; that the defendant had no personal interest in the plaintiff's arrest or detention, gained nothing thereby and was guilty of no intentional wrongdoing.

These undisputed facts are susceptible to only 1 reasonable inference; namely, that the defendant acted as a reasonably prudent person in believing that the plaintiff was guilty of the commission of a felony and that under the circumstances the arrest was justified. It was therefore the responsibility of the trial judge to instruct the jury that the arrest was legal.

It does not necessarily follow, however, that the arrest being legal, plaintiff's detention for a period of 4 days without a complaint being made before a magistrate was reasonable or proper.

In instructing the jury, the trial judge very properly said that the detention of plaintiff for almost 4 days might be unreasonable.

"A peace officer who has arrested a person without a warrant must without unnecessary delay, take the person arrested before the most convenient magistrate of the county in which the offense was committed, and must make before the magistrate a complaint, stating the offense for which the person was arrested." CL 1948, § 764.13 (Stat Ann § 28.-872).

"Recent cases sustain the well-established rule that, as a prisoner is entitled to a hearing within reasonable time after his arrest, delay for an unreasonable length of time in bringing him before the court constitutes false imprisonment." *Oxford v. Berry,* 204 Mich 197, 214.

While again the facts concerning plaintiff's detention were not in dispute, nevertheless we believe

it was for the jury to determine whether a prudent person would have detained the plaintiff for several days without warrant and without appearance before a judicial officer while making little or no progress in discovering the circumstances of the alleged crime. Prudent persons in the exercise of good judgment might well differ as to the inferences to be drawn from such facts.

Other claimed errors in the court's charge to the jury, the admission of testimony, the conduct of the trial and the failure to prove damages do not require attention in view of our finding.

For the error referred to, the judgment is reversed and a new trial ordered. Costs to defendant.

DETHMERS, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

CARR, J., did not sit.