PETERSON *v*. STATE OF INDIANA.

[No. 30,521. Filed April 28, 1965.]

*Barrie C. Tremper,* and *Meyers & Tremper,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

MYERS, J.—Appellant was charged by indictment in Allen County, Indiana, with the offense of robbery. A trial by jury was held on June 3, 1958, and a verdict of guilty as charged was rendered. He was sentenced to be imprisoned in the Indiana State Prison for an indeterminate term of not less than ten or more than twenty-five years.

On October 28, 1960, appellant filed a petition for a writ of coram nobis in the Allen Circuit Court. In this, he alleges grounds which are usually included in a motion for new trial, such as that there were multiple errors of law and fact in the record of the trial, that there was insufficient evidence to convict him, that the verdict was contrary to law, and that there were numerous erroneous rulings by the court. He further alleges that

he had employed certain members of the bar in Fort Wayne to represent him at the trial of his case, which they did; that upon receiving an adverse decision, they promptly filed a motion for new trial which was overruled; that appellant desired to appeal to the Supreme Court of Indiana, but had expended all his property and funds in the trial of his case and thereafter was a pauper; that his attorneys said they would file proper proceedings with the trial court in order for him to perfect an appeal *in forma pauperis;* that petitions were filed for him to take an appeal as a pauper, for the appointment of counsel to represent him, and for a transcript of the record at public expense; that the court overruled these petitions; that he was deprived of his rights as granted him by Article 1, Sections 12 and 13, of the Constitution of Indiana, and the Fourteenth Amendment to the Constitution of the United States; that he requested a new trial and other appropriate relief. Notice of the petition for the writ was filed with the office of the Attorney General.

On June 7, 1961, a second paragraph of "complaint" was filed in which appellant alleges that he had moved for the appointment of a Special Judge pursuant to the then existing Supreme Court Rule 2-40 which pertained to writs of error coram nobis (since that time, this court has abolished these writs and all proceedings in connection with them and has substituted new Rules 2-40 and 2-40A which provide for belated motions for new trial with right of review in the Supreme Court by writs of certiorari). Appellant claims that no action was taken on his petition for over a period of seven months, and that, therefore, he was denied justice speedily and without delay as guaranteed by the Indiana Constitution.

Thereafter several attempts were made to select a Special Judge to hear the cause, finally resulting in the

qualification of a Special Judge on January 3, 1962, selected from the third panel appointed by the Regular Judge. On February 19, 1962, the Special Judge denied appellant's motions as follows:

"Defendant's motion to proceed, being moot, is now by the Court denied.

"Defendant's request for leave to appeal and defendant's application for writ of error coram nobis are now by the Court denied.

"Defendant's motion for subpoena for Norbert Wyss, being moot, is now denied, and defendant's motion to appear in person, being moot, is now by the Court denied."

Appellant applied for a writ of mandate to this court to supply him with counsel and a transcript in order to appeal the above decision by the Special Judge. This was denied. He then made application to the Supreme Court of the United States and obtained a writ of certiorari which resulted in the following order:

"SUPREME COURT OF THE UNITED STATES
"PETERSON V. ALLEN CIRCUIT COURT et al.
"On Petition for Writ of Certiorari to the Supreme Court of Indiana.
"No. 415, Misc. Decided March 25, 1963.
"PER CURIAM.

"The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded for further consideration in light of Lane v. Brown, No. 283, October Term, 1962, decided March 18, 1963."

On July 12, 1963, we directed the Allen Circuit Court to furnish appellant with a transcript and counsel for the purpose of "appealing" the denial of his petition for writ of error coram nobis. Counsel was consequently appointed on September 4, 1963, and on September 17, 1963, a praecipe for a complete transcript of the entire record in the coram nobis proceedings was directed

to the Clerk of the Allen Circuit Court. Such transcript was prepared and filed.

It is apparent from this record that appellant has confused the remedy that he is seeking. What he wants now, and what he has wanted all along, is an appeal of his conviction of robbery to this court. He is entitled to this as a matter of constitutional right. His lawyers left him justifiably for pecuniary reasons as they were not court-appointed pauper attorneys and had been paid for their services on an attorney-client basis until appellant could not pay them further after trial. However, they prepared and filed a motion for new trial and other successive motions in order to pave the way for him to take an appeal either pro se or by pauper attorney. Appellant, without benefit of counsel, groped around in legal fog and picked out the procedure known as writ of error coram nobis in order to obtain the appeal. He filed pro se an affidavit of poverty and petitions for leave to appeal and for allowance of costs to defray legal expenses in connection with this coram nobis proceeding. He did not know that appeals of felony convictions must be prosecuted as provided by the code, *Posey* v. *Murray, Judge, etc.* (1959), 239 Ind. 697, 154 N. E. 2d 885, nor that a writ of error coram nobis cannot be used as a substitute for appeal. *Fluty* v. *State* (1947), 224 Ind. 652, 660, 71 N. E. 2d 565; *Obie* v. *State* (1952), 231 Ind. 142, 145, 106 N. E. 2d 452.

It has been generally stated that proceedings for writs of error coram nobis were the proper method for a convicted person to employ in order to determine the propriety of his conviction after other methods were unavailable due to lapse of time. They were limited to the correction of errors of fact not appearing on the face of the record. Grounds for such writs involved matters such as allegations that

an accused was drunk or under the influence of narcotics at the time he entered a plea; that there was coercion by mob violence in entering a plea of guilty; that at the time of conviction the defendant was insane and such was unknown to the court; that the State used perjured testimony, or that there was newly-discovered evidence favorable to the defendant after trial and conviction. 1 Ewbank's Indiana Criminal Law, Symmes Edition, *Coram Nobis,* §595 et seq., page 388 et seq.

None of such grounds were set forth by appellant in his petition for writ of error coram nobis or in his second paragraph of "complaint." The matters alleged therein were all matters of record on which appellant claimed error. These should properly have been brought up on appeal to this court by regular proceedings.

The Allen Circuit Court should have granted appellant's petitions for request to appeal, for counsel and for a transcript. No error resulted in denying the petition for writ of error coram nobis as it was improperly brought.

All parties, attorneys and courts herein, including the United States Supreme Court, apparently have been under the erroneous impression that this entire case concerned coram nobis proceedings and an appeal from a denial of the writ. As the record now stands before us, the purported "appeal" is meaningless and of no effect.

The Allen Circuit Court is ordered to provide counsel for appellant and to prepare a proper transcript of the proceedings in the cause wherein he was convicted of robbery. Appellant is given permission to take all necessary and proper proceedings to file in this court a belated appeal pursuant to the provisions of Supreme Court Rule 2-40.

Arterburn, C. J., and Achor, Jackson and Landis, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 371.