PETERSON *v.* STATE OF INDIANA.

[No. 31,125. Filed March 6, 1968. Rehearing denied April 16, 1968.]

*Barrie C. Tremper,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, *Dennis J. Dewey,* Deputy Attorney General, for appellee.

MOTE, J.—The Appellant was charged by amended affidavit, and convicted below, with the crime of robbery. Omitting the formal part of the charge, it is as follows:

> "That on or about the 27th day of February, 1958, at the County of Allen and in the State of Indiana, said Defendant, Wayne Marlin Peterson did then and there unlawfully, feloniously and forcibly and by violence and putting one Byron Bemis in fear, rob, take and steal from the person of the said Byron Bemis lawful currency of the United States of America then and there belonging to Marsh Speedway Market, Inc., and then and there of the value of Fifteen Hundred Dollars ($1,500), being contrary to the form of the statute in such case made and provided."

After closing the issues by a plea of "not guilty," the cause was submitted to trial by jury. Appellant was found to be guilty as charged and sentenced according to the statutory provisions.

A Motion for New Trial was filed and overruled, which brings about this appeal. It should be understood that this is the second appeal. See: *Peterson* v. *State* (1965), 246 Ind. 458, 206 N. E. 2d 371.

A fair statement of the evidentiary facts indicates the following: Appellant was arrested in Kalamazoo, Michigan; he was handcuffed and taken to the police station in connection with a robbery in Fort Wayne, Indiana. At the time of his arrest, Appellant requested the police to drive his automobile to police headquarters. The Appellant consented to a search of both his automobile and his room. In searching Appellant's automobile, the police found a 32 caliber revolver, serial number 63255, and One thousand seventy-one ($1,071.00) Dollars in cash, and latter being concealed in the heater of the

automobile. The cash was placed in a sealed envelope and introduced into evidence, over objection, as State's Exhibit G. After completing the search of the automobile, photographs were taken of the exterior and interior of the car, and of the money, both in its hiding place and on the seat. These photographs were subsequently introduced at trial as State's Exhibits Q, R, S and T. They were all admitted over the Appellant's objections that they were the fruits of an illegal search and therefore violated his constitutional rights. The search of the room where Appellant lived disclosed some newspaper clippings which were introduced as defense Exhibits I, J, K, L, M, N, O and P, and a search of the garage disclosed license plates, State's Exhibit C, identified by a witness as being the plates she observed on an automobile used in the robbery of the Marsh Foodliner Supermarket in Fort Wayne, Indiana. The record discloses no objection to the testimony concerning the search of Appellant's automobile by the arresting officers or of the introduction of the revolver, but only of the photographs of the automobile and cash and of the money itself.

In his brief, Appellant relies solely on specification three (3) of his Motion for New Trial, which is as follows:

"3. The Court erred in overruling the objection of the defendant to the introduction and reading in evidence of States Exhibits Q and R by the State of Indiana during the direct examination of William E. Robinson, a witness called on behalf of the State, and in admitting in evidence said exhibits Q and R. The preliminary questions by defendant, the objection of the defendant and the ruling of the Court are in the following words:

'Preliminary Questions by Mr. Flanagan:

Q. Before the taking of these photographs did you have a search warrant?

A. I did not.

Q. Did anyone tell you that you might do this?

A. Detective Cleveland was along with us at the time.

Q. Did the defendant tell you you might do this?

A. He didn't tell me, no.

MR. FLANAGAN: We object to the introduction of the photographs for the reason that it is a violation of the constitutional rights of the defendant, both the State and National Constitutions, to enter upon the private property of an American citizen without a search warrant and without authority.

THE COURT: Objection overruled.

MR. RIEBER: Does the record show they are admitted?

THE COURT: Let the record show Exhibits Q and R are admitted in evidence.' "

Appellant first directs our attention to the search of his automobile and room, as well as the seizure of property consequent thereto, and contends that even though he was taken into custody at his place of employment, handcuffed and taken to police headquarters in Kalamazoo, Michigan, he was not under arrest. It is true that at the time, the police officers did not have a warrant for his arrest.

Predicated upon the admitted lack of a search warrant and the sequence of events, as Appellant himself depicts the same in his brief, he comes to the conclusion, which may not be wholly erroneous from his point of view, that the search of the automobile and his room, with the attendant seizure and without the benefit of a valid search warrant, was a violation of law. We are required to state, however, that Appellant's concept and appraisal of the evidence in the record, as well as its import, is greatly at variance with what may be considered as fair and impartial.

We think it should be pointed out that the record discloses Appellant to have been placed under arrest at his place of employment. He has admitted in his brief that he then and there was taken into custody, handcuffed and removed to police headquarters. *Henry* v. *United States* (1959), 361 U. S. 98, 4 L. Ed 2d 134, 80 S. Ct. 168, holds and supplies authority that when police officers interrupt the freedom of an accused and restrict his liberty of movement, an arrest has been effected.

If apprehended in the State of Michigan, the law of arrest indicates justification therefor without a warrant where the arresting officer has probable cause to believe that a felony has been committed and that the person apprehended is guilty thereof. *Leisure* v. *Hicks* (1953), 336 Mich. 148, 57 N. W. 2d 473.

The definition of the term "probable cause" for an arrest without warrant is a reasonable ground of suspicion, based upon facts and circumstances sufficiently adequate to induce and warrant a cautious, reasonable and prudent man to believe that the accused is guilty of a felony. *Hammitt* v. *Straley* (1953), 338 Mich. 587, 61 N. W. 2d 641; *United States* v. *Horton* (WD Mich. 1949), 86 F. Supp. 92.

The Federal cases, as well as the decisions in our own jurisdiction, appear to be of the same effect as the Michigan cases. See: *United States* v. *White* (ED. Va. 1964), 237 F. Supp. 644, affirmed 342 F. 2d 379, Cert. denied 382 U. S. 871, 86 S. Ct. 148, 15 L. Ed. 2d 109; *Sisk* v. *Lane* (ND Ind. 1963), 219 F. Supp. 507, affirmed 331 F. 2d 235, Cert. dismissed 380 U. S. 959, 85 S. Ct. 1100, 13 L. Ed. 2d 977; *Bays* v. *State* (1959), 240 Ind. 37, 49, 159 N. E. 2d 393, 398, Cert. denied 361 U. S. 972, 80 S. Ct. 605, 4 L. Ed 2d 551; and other cases cited therein.

In our opinion, the record herein well establishes the arrest of Appellant and the validity thereof.

Although the arguments, as well as the evidence as to the facts and the law of search and the seizure of evidence, and the admission of certain exhibits into the evidence at the trial, are sharply in dispute, we are constrained to hold that Appellant's criticisms and assertions attacking the validity thereof have no merit. Appellant contends that he did not consent to a search and that the entrusting of his automobile, a 1954 Ford, to the arresting officers was involuntary. We deem that we are not called upon to determine whether or not the consent of Appellant was voluntary,

since the officers had a right to take the car into custody and to search the car, all as a consequence of the lawful arrest of Appellant referred to above.

Actually, by applying only specification No. 3 of his Motion for New Trial to his argument, Appellant limits his appeal, in respect to the admissions of evidence, to the State's Exhibits Q and R, which appear to be photographs of Appellant's automobile taken by one William E. Robinson at the direction of Detective Cleveland. Under our rules and the decided cases almost without number, Appellant has waived any other asserted errors. However, it is fair to state that we find no encroachment on or violation of Appellant's constitutional rights, Federal or State, by the entry upon his private property without a search warrant. *Maxwell* v. *Stephens* (8th Cir. 1965), 348 F. 2d 325, Cert. denied 382 U. S. 944, 86 S. Ct. 387, 15 L. Ed 2d 353; Rehearing denied 382 U. S. 1000, 86 S. Ct. 532, 15 L. Ed. 2d 490; *State* v. *Harris* (1963), 265 Minn. 260, 121 N. W. 2d 327, Cert. denied 375 U. S. 867, 84 S. Ct. 141, 11 L. Ed. 2d 94; *Shuck* v. *State* (1945), 223 Ind. 155, 59 N. E. 2d 124; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671; *Dearing* v. *State* (1948), 226 Ind. 273, 79 N. E. 2d 535.

We are clearly convinced that Appellant has not demonstrated a single harmful or reversible error in this appeal; yet, if there were the slightest question of Appellant's guilt, as charged or as to the search and seizure and the admission into the evidence of State's Exhibits Q and R, or any other exhibits or evidence, there is ample, competent, uncontraverted and uncontradicted testimony to which there was no objection and which points directly to guilt. Three eye witnesses testified that they saw Appellant commit the robbery, another saw him leave the scene of the robbery, another identified the one year old license plates on the Ford automobile registered in Appellant's name and in his possession at the time of the robbery.

It is a well settled rule in our jurisdiction that the admission of incompetent evidence to establish a fact ■ which is proved by other uncontradicted, competent evidence is harmless. *Temple et al.* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850; *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21.

The claimed errors are without merit. We conclude that Appellant had a fair trial and that the evidence obtained as a consequence of his arrest was lawfully seized. The appeal fails to show reversible error and the judgment is affirmed.

Lewis, C. J. and Arterburn, J. concur; Jackson, J. dissents with opinion, in which Hunter, J. concurs.

## DISSENTING

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

My reasons for so doing are on the theory that there was present in the case at bar the following features:

    1. An unlawful arrest. The record is devoid of any evidence showing the Michigan Police had probable cause to arrest appellant.

    2. An illegal search. In face of an unlawful arrest the search is of necessity illegal.

    3. Exhibits and admissions obtained thereby were poisoned fruit and hence inadmissible.

Hunter, J., concurs.

NOTE.—Reported in 234 N. E. 2d 488.