Otha TAYLOR, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–583A134.

Court of Appeals of Indiana, Fourth District.

June 21, 1984.

Rehearing Denied Aug. 14, 1984.

Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant Otha Taylor was convicted of possessing a controlled substance, a class D felony. He appeals his conviction on two grounds: 1) the charge should have been dismissed for the State's failure to bring him to trial within the 140-day time limit of IND.CODE 35–36–8–4; and 2) the evidence used to convict him should have been suppressed as fruit of an illegal search.

We reverse.

On September 13, 1982, an anonymous caller told the Indianapolis Police Department that drug dealers were back in Barrington in a white car. Four plain clothes officers drove to the area, spotted a white car, and surrounded it. Otha Taylor was one of four persons near the car. The officer who approached Taylor pulled a gun and told Taylor to put his hands on the car. Taylor then said he had "bad luck" and had just "copped." Understanding this statement to be an admission to purchasing drugs, the officer searched Taylor's pockets and discovered four dilaudid tablets. Taylor was charged with possession.

Six days prior to trial, Taylor moved to dismiss the charge for the State's failure to bring him to trial within 140 days as required by IND.CODE 35–36–8–4 (now repealed). The court never ruled on the motion. Taylor was convicted and received a four-year suspended sentence.

 Taylor claims the trial court erred in failing to grant his motion to dismiss. A close review of the record reveals the court never ruled on the motion. In fact, it does not appear the trial court ever considered the motion's merits as it was never mentioned in the record and the defendant did not renew the motion at the trial's start. No error can be claimed on appeal if the subject matter of the motion was never ruled upon by the trial court. *Yager v. State*, (1982) Ind., 437 N.E.2d 454. Moreover, the motion to dismiss was without

merit. Taylor failed to object to the trial date until after the 140-day period had expired. An objection to a trial date which exceeds the time period prescribed by statute must be made before that time period has expired or any objection is waived. *McGary v. State*, (1981) Ind.App., 421 N.E.2d 747.

Taylor also maintains the trial court erred in refusing to suppress evidence obtained at the time of his arrest. He reasons that he was initially arrested without probable cause and therefore, his statement and the drugs found in his pocket were inadmissible as fruit of an unlawful arrest.

■ We agree that the officer's action of holding Taylor at gunpoint in these circumstances constituted an arrest. Arrest is defined by IND.CODE 35–33–1–5 (Supp. 1983) as "the taking of a person into custody, that he may be held to answer for a crime." The Indiana Supreme Court has stated an arrest occurs when "police officers interrupt the freedom of the accused and restrict his liberty of movement." *Armstrong v. State*, (1982) Ind., 429 N.E.2d 647, 651, *quoting Peterson v. State*, (1968) 250 Ind. 269, 272, 234 N.E.2d 488, 490. Holding a person at gunpoint certainly restrains his liberty of movement and is a clear example of arrest.

■ Nevertheless, we need not classify the officer's action as an arrest in order to find it unlawful. Every seizure of a person, whether called an arrest or an investigative stop, is subject to the fourth amendment requirement of reasonableness. *Terry v. Ohio*, (1968) 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889; *Dillon v. State*, (1983) Ind., 454 N.E.2d 845. An arrest is reasonable if it is based on probable cause. *Brinegar v. United States*, (1949) 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Barber v. State*, (1981) Ind.App., 418 N.E.2d 563, 564. Probable cause exists when the facts and circumstances would lead a reasonably prudent person to believe the *arrestee* has committed a crime. *Gaddis v. State*, (1977) 267 Ind. 100, 368 N.E.2d 244. A less intrusive seizure, such as an

investigative stop, is reasonable if based upon specific and articulable facts that warrant the intrusion on the person. *Terry, supra* at 21, 88 S.Ct. at 1879.

■ The seizure in this case was unreasonable. The officer's information was negligible and did not meet the requirements for probable cause. Additionally, the officer's actions exceeded the limits of an investigative stop. The officer had no description of the alleged drug dealers in Barrington, merely that a white car was involved. He observed no suspicious activity when he arrived at the scene to indicate Taylor was dealing in drugs. The officer also had no reason to believe Taylor was armed. Nevertheless, he approached Taylor with a gun and ordered him against the car. The facts known to the officer at the time he stopped Taylor did not justify his actions. Thus the seizure of Taylor was unreasonable and violative of the fourth amendment.

■ Evidence obtained through an unlawful seizure is inadmissible. *United States v. Mendenhall*, (1980) 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497. Although the trial court recognized Taylor's arrest was unlawful, it found his statement was voluntary and therefore admissible. The court's analysis is incomplete. An admission may be voluntary for fifth amendment purposes and yet be suppressed if it is produced by an unlawful arrest. The trial court must go beyond the finding of voluntariness and determine if the statement was sufficiently an act of free will to purge the taint of the unlawful invasion. *Wong Sun v. United States*, (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *Morris v. State*, (1980) 272 Ind. 467, 399 N.E.2d 740. Furthermore, the State bears the burden of proving evidence is not tainted by unlawful police action. We find the State has failed to meet its burden.

■ The circumstances surrounding Taylor's admission are crucial in determining if the admission is tainted. *Wong Sun, supra*. Factors the court should consider are the time lapse between arrest and the

admission, the presence of intervening circumstances, and the purpose of the official misconduct. *Brown v. Illinois*, (1975) 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416.

■ In this case the arresting officer's testimony revealed that less than forty-five seconds elapsed from his arrival at the scene to Taylor's admission. The officer further testified that Taylor said he "copped" after he was held at gunpoint and told to put his hands on the car. This evidence fails to demonstrate the causal chain between the illegal arrest and the admission was broken. The admission was made almost simultaneously to the arrest. Furthermore, no intervening circumstances were present to indicate Taylor voluntarily and free from intimidation, admitted he had "copped." Contrary to the trial court's view, the statement itself cannot be considered an intervening event that would purge the taint. The relevant circumstances are those that demonstrate the admission was not made by surprise, intimidation, or confusion. *See Brown, supra* at 605, 95 S.Ct. at 2262.

■ Finally the purpose of the police action indicates the evidence is tainted. The impropriety of the arrest was evident. The officer's only information came from an unknown caller who gave no description of the alleged drug dealers except that a white car was involved. Furthermore, the officer testified that he had not observed Taylor committing a crime and that Taylor was merely being "detained" for a narcotics investigation. Clearly the arrest was only investigatory and made in the hope of discovering evidence which would justify the arrest. Such investigative techniques cannot be tolerated by the courts. Arrests made without the benefit of probable cause are unlawful, and evidence obtained therefrom is inadmissible.

We find the trial court erred in denying Taylor's motion to suppress his statement and the drugs recovered during the search. For that reason, Taylor's conviction should be reversed.

CONOVER, P.J., and MILLER, J., concur.