PEOPLE v. WRIGHT.

1. SEARCHES AND SEIZURES—REMOTENESS OF INFORMATION.
   A search warrant may not properly be issued ·based only on
   facts disclosed by affidavit as they existed 6 days earlier.

2. SAME—GAMING—SALE OF LIQUOR WITHOUT LICENSE.
   Seizure of liquor and gambling paraphernalia under warrant issued
   solely upon an affidavit as to conditions existing 6 days there-
   tofore *held*, improper, since a search warrant' must issue, if
   at all, upon an existing cause, hence, informations charging
   defendant with maintaining and operating a gaming room and
   a place where liquor was served without a license were properly
   quashed.

Appeal from Jackson; Simpson (John), J. Sub-
mitted June 14, 1962. (Docket No. 56, Calendar
No. 49,603.) Decided September 10, 1962.

George Wright was charged with maintaining and
operating a gaming room and a place where liquor
was served without a license. Motion granted quash-
ing informations. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Eugene Kra-
sicky,* Solicitor General, *James C. Fleming,* Pros-
ecuting Attorney, *William C. Ghesquiere,* Assistant
Prosecuting Attorney, for the people.

*Owen Dudley,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  47 Am Jur, Searches and Seizures § 26.
[2]  24 Am Jur, Gaming and Prize Contests § 57.
   30 Am Jur, Intoxicating Liquors § 465.

SOURIS, J. The question presented in this case is whether a search warrant properly may be issued based only upon facts disclosed by affidavit as they existed 6 days earlier.

Defendant was charged with maintaining and operating a gaming room and a place where liquor was served without a license. The police seized liquor and gambling paraphernalia in a search of the premises authorized by warrant. Defendant moved to quash the informations based in part upon the claim that the affidavit upon which the search warrant was issued referred to facts too remote in time from the date the warrant was issued. Judge Simpson, of the Jackson circuit, granted defendant's motion and the people, on leave granted, now appeal.

Walter Powell made an affidavit that on February 18, 1961, he entered defendant's premises, known as the "Big Four Club" or the "Child's Welfare Building," and purchased alcoholic liquor and observed others doing the same and gambling on the premises. The affidavit was submitted to a justice of the peace, in support of a request for a search warrant, on February 24th. With that affidavit there was submitted another by a police officer in which it was stated that the police officer had investigated Powell's complaint and had conducted a surveillance of the premises, but that affidavit does not contain any factual statement of the results of such investigation or surveillance. In short, the justice of the peace had nothing before him upon which he could conclude that the situation disclosed by Powell's affidavit to have existed on February 18th continued to exist during the intervening period to the date request was made for issuance of the search warrant.

Judge Simpson was correct in quashing the information. In *People* v. *Chippewa Circuit Judge,* 226 Mich 326, 328, this Court said:

"The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant. This is made clear by the Constitution and every statutory provision with reference to search warrants. If Mr. Burdeno, in his dwelling, sold Mr. Forsyth a pint of whisky on April 15, 1923, he may be prosecuted for doing so, but such sale alone afforded no ground for a finding of reasonable cause to believe that on June 21, 1923, whisky 'is being kept, possessed and stored (in such dwelling) for the purpose of being sold, furnished or given away as a beverage.' Cause 66 days old, without any intervening facts disclosing continuing cause, will not justify a search warrant. A search warrant must issue, if at all, upon an existing cause. A search warrant is no general arm for ferreting out crime, but a special proceeding, based on present cause, hedged by strict constitutional provisions, must be speedily executed and cannot be issued on a showing of facts existing over 60 days before and not in any way brought down to the date the warrant is issued."

*People* v. *Chippewa Circuit Judge* involved a case in which the search warrant issued was based on facts 66 days old. In *People* v. *Mushlock,* 226 Mich 600, we said, at p 602:

"There is no hard and fast rule as to how much time may intervene between the obtaining of the facts and the making of the affidavit upon which the search warrant is based, but it may be stated that the time should not be remote. This question was considered in the opinion filed March 5, 1924, in the case of *People* v. *Chippewa Circuit Judge, ante,* 326. We think that case is controlling of the instant case, and that the search warrant was improvidently issued."

In the case at bar, the people erroneously rely upon the case of *People* v. *Willis,* 243 Mich 164. In that case the affidavit involved alleged that it was

based upon observations made by the affiant *within* 4 days next preceding the date of the affidavit. *People* v. *Brown,* 240 Mich 59, is also cited by the people in this case in support of their contention. In that case we did say that a lapse of 4 days was not too remote. The opinion does not indicate whether or not there were other facts presented to establish the continuing nature of the acts referred to in the affidavit. In any event, the proper rule is stated in *People* v. *Chippewa Circuit Judge, supra,* that no warrant may issue except upon a showing that facts exist at the time of issuance to justify such a "special proceeding  *  *  *  hedged by strict constitutional provisions."

Powell's affidavit related facts 6 days stale. The factual situation presented by that affidavit, without more, was too remote to justify the issuance of a search warrant. We are left to surmise what information, if any, the police obtained from their intervening investigation and surveillance of defendant's premises. Failure to state what was observed during the investigation and surveillance described in the police officer's affidavit, permits an inference that nothing was observed to indicate that the offenses allegedly committed on February 18th continued to be committed at the time request was made on February 24th for the search warrant.

No other questions sought to be raised in this appeal, and which were considered by the trial judge, need be decided in the light of the foregoing.

Affirmed.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.