ASHLEY & TAYLOR *v.* STATE OF INDIANA.

[Nos. 31,050 and 31,051. Filed October 31, 1968.]

*George W. Brady*, of Muncie, for appellant, Thomas Elmer Ashley.

*Dick Clapp*, of Muncie, for appellant, Joe Taylor.

*Paul S. Brady*, of counsel, of Muncie, for appellants.

*John J. Dillon*, Attorney General and *Robert Hassett*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellants, with another, one Wendell D. Dorris, were charged by affidavit, in two counts, with violations of The Uniform Narcotic Drug Act, Burns Ind. Statutes Anno. (1968 Supp.) Sections 10-3520 and 10-3538 being the relevant sections.

Section 10-3520, in pertinent part, reads as follows:

"10-3520. Acts prohibited.—It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or of the state of Indiana, or for any person to be found in a public place under the influence of narcotic drugs."

Section 10-3538, in pertinent part, reads as follows:

"10-3538. Penalties. — (a) (Omitted — not applicable here)

(b) Any person who shall possess or have under his control any narcotic drug with intent to barter or exchange with, or to sell, give or dispense, to any other person, the same or any part thereof, or to aid, abet, or directly or indirectly counsel, command, induce or procure the barter or exchange with the sale or gift to any other person the same or any part thereof, in violation of any section of this act, shall upon conviction, . . . .

(c) Any person who possesses or has under his control any narcotic drugs except as authorized under the laws of the United States or of the State of Indiana, shall upon conviction. . . ."

Count I of the Amended Affidavit charged that the appellants and Wendell D. Dorris

". . . on or about the 11th day of OCTOBER, 1964 at and in the County of Delaware, State of Indiana, did . . . unlawfully POSSESS AND CONTROL A NARCOTIC DRUG, TO-WIT: CANNABIS SATIVA L., . . . ."

Count II of the Amended Affidavit charged that the appellants and Wendell D. Dorris

". . . on or about the 11th day of OCTOBER, 1964 at and in the County of Delaware, State of Indiana, did . . . unlawfully POSSESS AND HAVE UNDER THEIR CONTROL A NARCOTIC DRUG, TO WIT: CANNABIS SATIVA L., WITH INTENT TO BARTER, EXCHANGE, SELL AND DISPENSE TO ANOTHER PERSON, TO-WIT: TO ANOTHER PERSON TO THIS AFFIANT UNKNOWN, . . . ."

Trial was had by jury resulting in a verdict of guilty. Each of the appellants filed a motion for a new trial alleging numerous grounds. The motions were overruled by the trial court. On appeal appellants assign as error the overruling of their motions for a new trial.

From the evidence most favorable to the appellee, adduced at the trial, it appears that on or about October 2, 1964, Captain Ernest Sutton of the Muncie Police Department drove a young woman to a house located in Muncie, Indiana. Captain Sutton parked across the street from the house. He gave the woman five (5) one dollar bills, and one (1) five dollar bill. The woman then got out of the car, crossed the street, and entered the house. She returned approximately five minutes later with a packet of what was subsequently identified as Cannabis Sativa L., commonly known as marihuana. She also gave to Captain Sutton five (5) one dollar bills.

The following evening, October 3, 1964, Captain Sutton met the same woman, and took her to the Muncie Police Department. Once there, he turned her over to policewoman, Linda Elliott, who was directed to make a complete search of the woman. Officer Elliott accompanied the woman into another room in the building where, according to her testimony, she thoroughly searched the woman for the presence of mari-

huana. Finding no marihuana on the woman, Officer Elliott returned her to Captain Sutton.

Captain Sutton then took her to the same house to which he had taken her the previous evening. He gave her one (1) five dollar bill. The woman went into the house with the money and returned approximately five minutes later with another packet containing what was subsequently identified as marihuana.

Captain Sutton testified that this same procedure was followed on the night of October 10, 1964, and that the woman once again turned a packet of marihuana over to him after emerging from the house. Moreover, on this night Muncie police officers stood watch at the rear of the house while the woman was inside.

Thereafter, at approximately 4:00 a.m. on October 11, 1964, a contingent of police returned to the house, knocked at the door and were admitted by one Wendell Dorris. The police advised Dorris that they had a search warrant. Appellants, who were in the upstairs of the house, were brought downstairs by a uniformed officer. The search warrant was read to the three, and they were placed under arrest. The house was then searched, and six packets of marihuana were among the items confiscated.

The search warrant, issued on October 11, 1964, was based on affidavits of Captain Sutton and Officer Elliott, which in pertinent part reads as follows:

"Linda Elliott being duly sworn upon her oath says that she believes that she has good and reasonable and probable cause for believing, as hereinafter set forth, that there is concealed a quantity of cannabis including all parts of the plant cannabis sativa L., the seeds thereof, the resin extract from any part of said plant, a compound salt, derivative, mixture, or preparation of such plant including the drug known as American hemp, marihuana, Indiana hemp or hasheesh as used in cigarettes or in any other articles, compounds, mixtures, preparations or products whatsoever, the amount of which to this affiant is unknown, and that

such cannabis as described hereinabove is possessed for the unlawful manufacture, sale prescription, administration, distribution, or for the unlawful solicitation of another person or persons to manufacture, sell, prescribe, possess or use, administer, dispense or for the unlawful solicitation of another to solicit another person or persons to manufacture, sell, prescribe, administer, or dispense or with the unlawful intent to barter or exchange with or to sell, give, or dispense, to any other person the same or any part thereof or to aid or abet, or directly or indirectly counsel, command, induce, or procure the barter or exchange with the sale or gift to any other person the same or any part thereof.

Said cannabis as described hereinabove is secreted and concealed in the east ½ of a two story white frame double dwelling at the southeast corner of Beacon Street and East Jackson Street in the City of Muncie, Delaware County, Ind. That said east ½ of the double dwelling has an entrance facing a parking lot which is situate between said double dwelling and the Calvary Baptist Church located east of said double dwelling, said church facing East Jackson Street.

And that the reason for the belief of the affiant is that on or about the third day of October, 1964, in the evening, this affiant was in the captain's office of the police department building in the City of Muncie, Indiana, in the presence of Captain Ernest Sutton and of a female subject, at which time this affiant removed the said subject to the bathroom of said building. In the bathroom this affiant caused to be made a search of the body and clothing of the said subject and then return the said subject to the custody of the said Ernest Sutton. At the time of the search, this affiant found on the person, the clothing and in the possession of the said subject no green leaf like substance and at no time during the time the subject was in the custody of this affiant, did this affiant have access to cannabis sativa L., nor the opportunity to conceal said cannabis sativa L."

"Ernest Sutton being duly sworn upon his oath says that he believes and that he has good and reasonable cause for believing, as hereinafter set forth, that there is concealed a quantity of cannabis including all parts of the plant cannabis sativa L., the seeds thereof; the resin extract from any part of said plant, a compound, salt, derivative, mixture, or preparation of such plant including the drug known as American hemp, marihuana, Indiana hemp or hasheesh as used in cigarettes or any other articles,

compounds, mixtures, preparations or products whatsoever, the amount of which to this affiant is unknown, and that such cannabis as described hereinabove is possessed for the unlawful manufacture, sale, prescription, administration, distribution, or for the unlawful solicitation of another person or persons to manufacture, sell, prescribe, administer, dispense or for the unlawful solicitation of another to solicit another person or persons to manufacture, sell, prescribe, administer, or dispense or with the unlawful intent to barter or exchange with or to sell, give, or dispense, to any other person, the same or any part thereof or to aid or abet, or directly or indirectly counsel, command, induce, or procure the barter or exchange with the sale or gift to any other person the same or any part thereof.

Said cannabis as described hereinabove is secreted and concealed in the east ½ of a two story white frame double dwelling at the south east corner of Beacon Street and East Jackson Street in the city of Muncie, Delaware County, Ind. That said east ½ of the double dwelling has an entrance facing a parking lot which is situate between said double dwelling and the Calvary Baptist Church located east of said double dwelling, said church facing East Jackson Street.

And that the reason for the belief of the affiant is that on or about the third day of October, 1964, in the evening, this affiant observed a subject in the custody of Linda Elliott, a police officer of the city of Muncie, Ind., in the Captain's office of the police department building in the city of Muncie, Indiana, and at that time, this affiant observed the said Linda Elliott remove the said subject to the bathroom in said building. This affiant then observed the said Linda Elliott emerge with the subject from the bathroom and enter into the captain's office. This affiant then took custody of the said subject and with said subject in custody this affiant removed said subject by automobile to the east ½ of a double dwelling located at the corner of Beacon Street and East Jackson Street in the city of Muncie, Indiana, at which time said subject left the custody of this affiant and entered into the east ½ of a double dwelling located at the corner of Beacon Street and East Jackson Street in Muncie, Indiana, at the door which faces a parking lot which is situate between said dwelling and the Calvary Baptist Church.

During the time said subject was in the custody of this affiant and until said subject entered said door, said sub-

ject had no access to cannabis sativa L., nor the opportunity to conceal on her person said cannabis sativa L.

Said subject remained in said dwelling approximately 20 minutes and emerged from said dwelling. Upon emerging from said dwelling said subject immediately returned to the custody of this affiant and gave to this affiant a green leaf like substance which this affiant later examined with chemicals and determined said substance to be cannabis sativa L.

During the time said subject moved from the entrance of the said east ½ of the double dwelling to the custody of this affiant, said subject had no access to cannabis sativa L. nor the opportunity to conceal said cannabis sativa L."

The search warrant in pertinent part reads as follows:

"To any Constable, Police Officer, Sheriff, or Conservator of the Peace, in Delaware County, Indiana, GREETINGS:

WHEREAS, there has been filed and executed before me an affidavit, a copy of which is attached hereto, and is hereinbefore mentioned, and said affidavit showing there is probable cause therefor, you are commanded to enter and search the premises in said affidavit described and to seize the said items, as described in said affidavit. You are commanded to make said search in the daytime or in the night time and to take along any and all necessary assistance, that may be necessary, to execute and serve this search warrant and that you make due return of this writ and arrest any and all persons found in possession of said items aforesaid if same is so found."

Appellants' assignment of errors may be summarized as follows:

(1) The trial court erred in overruling appellant Ashley's motion for a separate trial.

(2) The trial court erred in sustaining the State's Demurrer to appellants' motion to quash counts I and II of the amended affidavit.

(3) The trial court erred in overruling appellants' motions for a directed verdict at the conclusion of the State's evidence, but prior to introduction of appellants' evidence.

(4) The trial court erred in admitting certain testimony over appellants' objections.

(5) The trial court erred in overruling appellants' Motion to Quash the Affidavit for Search Warrant.

(6) The trial court erred in allowing written statements by appellant Taylor, which implicated appellant Ashley, to be read into evidence over the objections of appellant Ashley.

In the interest of brevity, and in view of the determination we must make herein, we deem it unnecessary to discuss summarized assignments of error numbered from (1) to (4) inclusive, and take up the discussion of points therein numbered (5) and (6).

Appellants assert that the trial court erred in overruling their motions to quash the affidavit for search warrant, and to suppress the evidence thereunder seized. Burns' Ind. Anno. Stat. § 9-602 (1956 Repl.) provides in substance that a search warrant shall issue only on the basis of an affidavit which sets forth the "facts then in knowledge of the affiant, constituting the probable cause." If the affidavit is defective the search warrant is necessarily defective, and all evidence obtained as a result of the search warrant must, upon proper motion, be suppressed. *McCurry* v. *State* (1967), 249 Ind. 191, 231 N. E. 2d 227; *Rohlfing* v. *State* (1949), 227 Ind. 619, 88 N. E. 2d 148.

Since, by statute, the search warrant can only issue upon a showing of probable cause contained in the affidavit, it is axiomatic that collateral facts and events not enumerated in the affidavit cannot be offered to establish the requisite probable cause. Moreover, the fruits of the search cannot be used to support or justify an illegal search. *Manson* v. *State* (1967), 249 Ind. 53, 229 N. E. 2d 801; *Idol* v. *State* (1954), 233 Ind. 307, 119 N. E. 2d 428.

In the case before us, the affidavits in support of the search warrant attest to a particular set of facts which existed on October 3, 1964. It is urged by the State that this set of facts in existence on October 3, 1964, was sufficient to establish that there was probable cause to support

the issuance of a search warrant on October 11, 1964, or eight days after the specific set of facts referred to in the affidavits existed. However, as was said by the Supreme Court of Michigan in *People* v. *Wright* (1962), 367 Mich. 611, 116 N. W. 2d 786, quoting from *People* v. *Chippewa Circuit Judge* (1924), 226 Mich. 326, 197 N. W. 539: "The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant." In the case before us, the facts attested to in the affidavit existed on October 3, 1964, and not on October 11, 1964, when the showing was made for the warrant. Although there can be no precise rule as to how much time may intervene between the obtaining of the facts and the issuance of the search warrant, in dealing with a substance like marihuana, which can be easily concealed and moved about, probable cause to believe that it was in a certain building on the third of the month is not probable cause to believe that it will be in the same building eight days later. Therefore, since the affidavit only made a showing of probable cause existing on October 3, 1964, and not on October 11, 1964, when the search warrant was issued, the search warrant was defective and it was error to deny appellant's motions to quash the affidavit for the search warrant and to suppress the evidence thereunder seized. *McCurry* v. *State, supra; Rohlfing* v. *State, supra.*

The State's contention that possession of the marihuana was a continuing offense as evidenced by the transactions on the 2nd, 3rd and 10th of October, and that there was thus probable cause to support the issuance of the search warrant on October 11, 1964, is of no avail. As stated above, the statute, § 9-602, *supra,* expressly provides that a search warrant can only issue on the basis of an affidavit setting forth the facts constituting the probable cause. Since the transactions of October 2, and October 10, 1964, were not enumerated in the affidavit they cannot be relied upon to establish probable cause.

Finally, it was clearly prejudicial to appellant Ashley for the trial court to allow the written statements of appellant Taylor, which implicated appellant Ashley, to be read into evidence over appellant Ashley's objections, and without an admonishment by the court to the jury that the statements were to be disregarded so far as they pertained to appellant Ashley. The rule in Indiana is clear, as stated by this Court in *Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226:

"Where several defendants are tried together the confession of one, made in the absence of the other defendants, may be admitted against him if the court instructs or admonishes the jury it is admitted only against the one who made it and is not to be considered as evidence against any of the other defendants who did not join in the statement" (citing cases) 106 N. E. 2d 226, 229.

Here, appellant Ashley timely objected to the introduction into evidence of appellant Taylor's written statements made out of the presence of appellant Ashley and which implicated appellant Ashley. The trial court did not admonish the jury that the evidence could not be considered against Ashley. Failure to so admonish the jury constituted reversible error.

The judgments are reversed and causes remanded with instructions to grant the motion for a new trial for each of the appellants.

Lewis, C. J. and DeBruler and Hunter, JJ. concur; Arterburn, J. concurs in result.

NOTE.—Reported in 241 N. E. 2d 264.