**UNITED STATES of America, Plaintiff,**

v.

**Ronald WILSON, Defendant. Crim. No. 47268.**

United States District Court, E. D. Michigan, S. D.

May 3, 1973.
As Amended May 18, 1973.

5. See Beck, Walter S., "Estoppel Against Inconsistent Positions in Judicial Proceedings," 9 Brooklyn Law Review 245 (1940).

Ralph B. Guy, Jr., U. S. Atty., by William C. Ibershof, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Cornelius Pitts, Detroit, Mich., for defendant.

## ORDER AND OPINION

KEITH, District Judge.

The defendant herein has moved to suppress evidence on the ground that the delay between the issuance of the search warrant on May 10, 1972, and its execution on May 16, 1972, was so great as to render the search invalid. The defendant contends, firstly, that the six day delay between the warrant's issuance and execution was violative of the Fourth Amendment and, secondly, that the delay was violative of the Federal Rules of Criminal Procedure.

The defendant's argument that the affidavit in support of the search warrant is insufficient as a matter of law is without merit and will not be discussed.

The defense asserts that for a search made pursuant to a search warrant to be valid, probable cause to search must exist not only at the time of the warrant's issuance but at the time of the warrant's execution as well. The argument is that a magistrate's neutral and detached determination that probable cause exists for a search would be meaningless if the search is permitted after so much time has lapsed that probable cause no longer exists. It is inevitable that time will pass between the issuance of a warrant and its execution; the question presented by the facts of this case is whether an excessive amount of time was allowed to pass between issuance and execution.

Cases have been called to the Court's attention which indicate that certain kinds of delay require suppression of evidence where so much time has transpired that the facts justifying the finding of probable cause may have changed. For example, a six-day delay between a single observation of gambling and purchasing illicit liquor and the issuance of the warrant has been held to be too long to establish probable cause for the issuance of the warrant. People v. Wright, 367 Mich. 611, 116 N.W.2d 786 (1962). It was held that in order for the search

warrant in *Wright* to have been valid, there would have had to have been facts in the affidavit indicating that the offense committed on the day when the observation was made was still being committed six days later when the warrant was issued. It has also been held that a warrant issued on the basis of facts eight days stale is invalid for the reason that the presence of probable cause to believe that marijuana is on the premises of a building on a certain day is not probable cause to believe that it will be in the same building eight days later. Ashley v. State, 251 Ind. 359, 241 N.E.2d 264 (1968). This Court therefore finds persuasive the defense contention that if a warrant is invalid because it was *issued* six to eight days after the alleged observation of criminal activity, a search *executed* six to eight days after the issuance of a warrant—even if based upon facts observed on the day of its issuance—is likewise illegal.

The only material difference between the instant case and the cases cited above is that in the instant case the delay was between issuance and execution and not observation and issuance. What is significant both in the instant case and in the above-cited cases is that so much time passed that the facts which justified a finding of probable cause may well have changed with the passage of time. It would have been a simple matter, in the context of the case at hand, for an up-dated affidavit to have been resubmitted to a magistrate in order for a fresh search warrant to be approved.

It should be noted that this area of the law is in flux. Indeed, a number of courts have taken a view contrary to that taken by this Court in the instant case. See United States v. John Doe, 19 F.R.D. 1 (E.D.Tenn.1956); United States v. Dunnings, 425 F.2d 836 (2nd Cir. 1969); United States v. Nepstead, 424 F.2d 269 (9th Cir. 1970); United States v. Harper, 450 F.2d 1032 (5th Cir. 1971). However, the conclusions of law on the part of courts which have reached a result different from that reached in the instant case, based on facts they had at hand, have frequently been similar in many respects to those contained herein. For example, the court in United States v. Dunnings, *supra*, concluded that the delay in that case was permissible because the probable cause recited in the affidavit continued until the time of execution. The court in *Dunnings* suggested, as did the court in *Nepstead,* that the requirement that the warrant be executed within ten days merely sets the maximum under the Rule—the circumstances of a particular case may require execution in something less than ten days. What constitutes a reasonable delay in executing the warrant will of course depend on the facts and circumstances of each case. *Harper, supra,* at 1043, see also Spinelli v. United States, 382 F.2d 871, 885 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ To be sure, there can be no precise rule as to how much time may intervene before an issued search warrant must be executed, but six days is unreasonable in the absence of a valid excuse for the delay. It was the testimony of the executing officer that the delay was necessary to (1) protect the safety of his informant, (2) obtain a suspected-to-be-delivered larger quantity of contraband, and (3) the officer's understanding that he had ten days in which to execute the warrant. The testimony failed to demonstrate that special protection was needed for the informant; if the executing officer desired to look for a larger quantity of contraband, he should have sought judicial approval; the officer's belief that he had ten days in which to execute the warrant is irrelevant if legally erroneous.

Narcotics, as are involved in this case, are easily transportable and concealable except when present in bulk quantities. While it may be reasonable to search a warehouse for a moonshine still a week

after a warrant has been issued for the search—where the illegal apparatus has permanent fixtures attached to it and is so huge in size as to be virtually immovable—it would be wholly unreasonable for a search to be made of a person's home roughly a week after the warrant was issued, for concealable and easily transportable contraband. In the instant case, the affidavit for the search warrant stated that the informant had on one occasion observed approximately 1.0 grams of heroin in the possession of the defendant, and on another occasion had observed approximately 7.5 grams in his possession at the address which was to be searched. Needless to say, both quantities are easily concealable and moveable.

■■ But when the contraband for which the warrant authorizes the search is easily movable and transportable, the material facts upon which probable cause was based can be easily and quickly altered. With contraband of that sort, it should not be necessary to affirmatively prove that the delay resulted in legal prejudice. In cases involving easily transportable and concealable contraband, where the delay is unreasonable and without justification, the possibility of prejudice is great enough so that prejudice may be presumed.

■ Admittedly, some ambiguity is contained in the Federal Rules of Criminal Procedure with regard to when a search warrant must be executed. Rule 41(c) states that a search warrant "shall command the officer to search, within a specified period of time not to exceed 10 days, the person or place named for the property specified." [1] Rule 41(c) should be interpreted to mean that a warrant should be executed as soon as reasonably practicable but that a delay up to ten days will be permitted if the delay is necessary and unavoidable. This interpretation is consist-

ent with the theory that any ambiguity in the rules should be resolved in favor of the defendant, Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1931); Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435, 440 (D.C.Cir.1958) Bazelon, J., concurring).

■  To be read consistent with the dictates of the Fourth Amendment, Rule 41 should be read to mean that an officer may not unduly delay execution of a warrant simply because he discretionally decides to do so. A delay should be deemed permissible when it is necessitated by a legitimate concern for someone's physical safety, because of the physical inaccessibility of the premises, and other justifications of like magnitude.

Inasmuch as the delay between the issuance of the warrant and its execution was unreasonably long, the warrant became invalid and the search and seizure was contrary to both the Fourth Amendment and the Federal Rules of Criminal Procedure. Therefore, for the reasons set forth in this opinion, the evidence must be suppressed.

---

1. This Amended Order and Opinion takes account of the amendment to Rule 41 which deleted the "forthwith" phrase from the Rule. The deletion was overlooked in this Court's original Order and Opinion, which was entered May 8, 1973.