James E. ARMSTRONG, Appellant,

v.

STATE of Indiana, Appellee.

No. 181S6.

Supreme Court of Indiana.

Jan. 7, 1982.

648

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in a four-count indictment with the crimes of Attempted Murder, as defined in I.C. 35–41–5–1 [Burns' 1979] and I.C. 35–42–1–1 [Burns' 1979]. A jury trial resulted in a verdict of guilty on this charge. He was also charged with Unlawful Possession of an Explosive, and two counts of Arson. The jury acquitted him on those charges. Appellant was sentenced to a twenty (20) year term of imprisonment.

The relevant facts are as follows. On April 12, 1978, there was an explosion outside the home of one Bobby Hatfield, a resident of Muncie, Indiana. Muncie police investigated and found pieces of fuse, fragments of both a pipe end cap and threaded pipe, and black powder residue, indicating a homemade bomb was the cause of the explosion. Ten days later, the Thomas Cooper family of Muncie was awakened by the sound of an explosion at their home. Mr. Cooper went downstairs to find his picture window blown in. Investigating police found fragments of clay, tape, and a pipe cap inside the home. The next night at approximately 3:30 A.M. the Coopers were awakened by gunshots. Mr. Cooper found shots were being fired into his living room even as he descended the stairs. Police found several spent projectiles at the scene and identified them as .22 caliber bullets. All of these evidentiary items were eventually turned over to Special Agent James Richardson of the Federal Bureau of Alcohol, Tobacco, and Firearms, who was called in to assist in the investigation.

On June 13, 1978, appellant upon request came to the Muncie police station to answer some questions. He was informed he was not under arrest and did not have to go to the station. Prior to questioning he was read a *Miranda* warning. He was asked if he had any firearms in his possession. He responded that he did. He was not asked about any specific weapon. Police knew he once possessed a large quantity of firearms because they had taken them into protective custody following a fire at his home in 1973. At that time, identifying information about the weapons was recorded, then they were returned to him. Later in the day on which he was questioned police checked the serial numbers of the guns they knew appellant possessed in 1973 and found one of them, a .22 caliber pistol, was registered to a Thomas Huser of Muncie. Special Agent Richardson checked with Mrs. Huser, now a widow. She told him the gun was reported missing from the Huser home after 1973, although it had been missing since before then. Subsequently a search warrant for that particular weapon was issued and executed early in the morning of June 14, 1978. During a search under authority of that warrant, police did not find the weapon they sought. However, they did find another .22 caliber pistol. A visual check of that pistol led them to believe it could have been the gun from which the shots were fired into the Cooper living room. Subsequent ballistics tests confirmed that it was, in fact, the weapon used in that attack. The police also saw at various places throughout the house: black powder, wrapping tape, clay, fuse material, and a pipe cap. Police immediately obtained and executed another search warrant for these items. Subsequently appellant was charged with the crimes as recited above and convicted and sentenced on the attempted murder count.

Appellant claims the trial court erred in denying his Motion to Suppress all the evidence gathered in the two searches described above. At the outset, we note any error assigned to failure to suppress evidence gathered in the second search is waived by lack of a discernible argument in appellant's brief on that point. Ind.R. App.P. 8.3(A)(7). As to the first search, appellant argues it was unlawful, thus, all

of its fruits were inadmissible at trial because the warrant was defective. Appellant claims the warrant's defects to be: (1) it was based on multiple hearsay, (2) the facts therein alleged were too remote in time in relation to the issuance of the warrant, and (3) it was partially based on an inadmissible statement appellant made to police during his unlawful detention at the Muncie police station on June 13, 1978.

■ Subject to some exceptions, not applicable here, a lawful search may be conducted only after issuance of a warrant supported by an affidavit establishing probable cause. Indiana Constitution Article I, § 11. A statute, I.C. 35–1–6–2 [Burns' 1979] sets out further requirements. That statute in pertinent part reads:

> "[T]he affiant [must set forth] the facts then in knowledge of the affiant or information based on credible hearsay . . . . When based on hearsay, the affidavit shall contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished."

In interpreting this statute, this Court has held, "Hearsay facts are competent to support a finding of probable cause where the facts furnished to the affiant are credible, and the affiant has reasonable grounds for attaching reliability to the informant giving him the facts." *Ruetz v. State*, (1978) 268 Ind. 42, 48, 373 N.E.2d 152, 155, *cert. denied*, 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245.

Appellant relies on *Ferry v. State*, (1970) 255 Ind. 27, 262 N.E.2d 523, for the proposition that in spite of the language of I.C. 35–1–6–2, the affiant may not use multiple or totem pole hearsay as the entire basis for his information. We do not believe there is a multiple hearsay problem here. The affiant, Special Agent Richardson, talked to Mrs. Huser who told him the gun was stolen or missing from the Huser household since prior to 1973. Appellant apparently wants this Court to construe Richardson's affirmations before the magistrate as a hearsay report from Mrs. Huser that she through hearsay learned from her husband that he had reported the gun stolen. We believe such a construction of the facts in the case at bar is erroneous. The fact furnished to Richardson was that the gun was missing from the Huser household and that a report it was stolen was made, not that someone had told Mrs. Huser these facts. An officer accompanying Richardson to the magistrate to procure the warrant, testified later at the hearing on the Motion to Suppress that, "she said that she found it missing sometime later and reported it." The affidavit states, "she informed me that said revolver was reported stolen prior to 1973." Given this state of facts, we do not see a multiple hearsay problem here. Additionally, we hold the requirements of I.C. 35–1–6–2 have been met. The facts furnished to the magistrate were credible. Richardson further stated he checked the stolen gun report files and found the report Mrs. Huser had told him about. Richardson thus had "reasonable grounds for attaching reliability to the informant giving him the facts." *Ruetz, supra.*

In presenting his argument as to the remoteness of the facts furnishing probable cause, appellant relies on *Ashley v. State*, (1968) 251 Ind. 359, 241 N.E.2d 264. In that case this Court held where the facts establishing probable cause existed eight (8) days before the warrant was issued, the warrant was invalid. Appellant urges the facts establishing probable cause in this case are more than five (5) years old, well in excess of the *Ashley* limit. However, in *Ashley* we indicated our inquiry was toward "how much time [intervened] between the *obtaining of the facts* and the issuance of the search warrant." (Emphasis added.) *Id.* at 368, 241 N.E.2d at 269. Here some of the facts that the Husers had been missing a gun since 1973 and that appellant possessed that same gun in 1973 were in existence five (5) years before the warrant was issued. However, affiant Richardson clearly acquired knowledge of those facts on June 13, 1978, only hours before the warrant was issued. Given the language of *Ashley, supra*, we think it is clear the magistrate properly issued the warrant, as the affiant

attested to credible hearsay acquired by him within hours of the issuance of the warrant. The federal rule generally is the remoteness or alleged "staleness" of the information contained in the affidavit for a search warrant must be judged by the facts and circumstances of each case. *See, e.g., Sgro v. United States*, (1932) 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260; *United States v. Diecidue*, (5th Cir. 1979) 603 F.2d 535, *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781. When the affiant acquired the information as well as the age of the information itself, is a circumstance which was properly weighed in this cause.

Appellant also contends the search warrant was invalid because it was partially based on a statement he made while undergoing questioning at the Muncie police station on June 13. Appellant's argument is, the statement was made during an unlawful detention and could therefore not be used to support probable cause for issuance of the warrant. Appellant claims the detention was unlawful because it amounted to a warrantless arrest.

 Arrest is defined in I.C. 35–1–17–1 [Burns' 1979] as "the taking of a person into custody, that he may be held to answer for an offense." In *Peterson v. State*, (1968) 250 Ind. 269, 272, 234 N.E.2d 488, 490, we noted the rule for determining when an arrest has occurred is, "[W]hen police officers interrupt the freedom of an accused and restrict his liberty of movement, an arrest has been effected." Given the statutory language of I.C. 35–1–17–1 and the rule in *Peterson*, we hold no arrest was made of the appellant during his visit to the police station on June 13. The record shows appellant went willingly to the police station, was not considered to have been arrested, would not have been arrested had he declined to come, was told he did not have to answer any questions, was read a *Miranda* warning notwithstanding his voluntary appearance at the police station, and was allowed to leave after an interview of about an hour. This evidence belies any notion appellant was "taken into custody", or that his freedom and liberty of movement were

restricted. We hold there is evidence in this record to support the trial court's finding that appellant was not the victim of an unlawful arrest, and any statement he made to police during the questioning could be used to support the probable cause necessary for issuance of the search warrant.

 Appellant next assigns as error the trial court's admission into evidence samples of pipe and pipe end caps taken from the Westinghouse plant in Muncie where appellant worked. These samples were found to be similar to pieces of pipe and pipe end cap taken from the Cooper home after the bombing and to pipe cap found at appellant's home. Appellant contends this evidence was all erroneously admitted because it was irrelevant.

 This Court has stated: "Evidence is relevant if it is material to an issue in the case and tends to make a desired inference more probable." *Smith v. State*, (1981) Ind., 419 N.E.2d 743, 746. "Any evidence that connects the defendant with the crime is admissible." *Warfield v. State*, (1981) Ind., 417 N.E.2d 304, 308. "Evidence having some tendency to prove a material fact is relevant." *Turpin v. State*, (1980) Ind., 400 N.E.2d 1119, 1122. "Evidence is relevant if, in the light of general experience, it logically tends to prove or disprove some issue of fact." *Irons v. State*, (1979) Ind., 397 N.E.2d 603, 606. This Court has held the trial court is accorded wide latitude in ruling on the relevancy of evidence. *Begley v. State*, (1981) Ind., 416 N.E.2d 824; *Snider v. State*, (1980) Ind., 412 N.E.2d 230. If the evidence only inconclusively connects the defendant with the crime, this goes to the weight, not the admissibility, of the evidence. *Johnson v. State*, (1980) Ind., 400 N.E.2d 132; *Crosson v. State*, (1978) 268 Ind. 511, 376 N.E.2d 1136.

Applying these guidelines to the case at bar, it is clear to us the evidence appellant had access to the kind of pipe used in the bombing of the Cooper home was relevant. It was evidence the jury could properly consider with other evidence in determining if appellant constructed the bomb. The fact that its probative value was only slight

goes only to its weight not its admissibility. There was no abuse of discretion on the part of the trial court in admitting this evidence.

■ Appellant combines several errors in his next assignment of error. He contends the trial court erroneously admitted irrelevant testimony about the shooting incident which took place at the Cooper home the night after the bombing. Specifically, this evidence consists of three items: Cooper's testimony that the shooting occurred, the spent bullets recovered from the home after the shooting, and the .22 caliber pistol recovered from appellant's home which subsequent ballistics tests showed was the weapon from which those shots were fired. At this point it is important to note the indictment for attempted murder stated appellant "on or about the 22nd day of April, 1978, did knowingly and intentionally attempt to kill another human being . . . ." Thus the attempted murder indictment based the charge on the bombing incident, not the shooting that took place the next night. The question of the relevancy of this evidence must therefore be measured in terms of its tendency to prove appellant exploded the bomb.

At the outset we note the gist of appellant's argument is "each one of the events could have occurred without the other and neither's existance [sic] proved that the other event occurred."

■ This evidence may be construed as evidence of another crime committed by appellant. Ordinarily, evidence the accused committed a crime separate and distinct from the one charged is irrelevant as proof the accused committed the crime charged. Such evidence is admissible, however, if the two crimes are related. *Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. In the case at bar, we hold the two crimes are related because they both involved what may be characterized as an unusual type of terrorist attack or harassment of the Cooper family. When two such events occur twenty-four (24) hours apart, are directed at the same family and have the same general effect, we believe they are sufficiently "related" to permit introduction of evidence concerning the one that is not the basis of the indictment.

Another exception to the general rule is that other crimes committed by an accused are admitted where they show evidence of intent, motive, purpose, identity, or common scheme or plan. *Howell v. State*, (1980) Ind., 413 N.E.2d 225; *Henderson v. State*, (1980) Ind., 403 N.E.2d 1088. This exception also encompasses the situation in the case at bar. The evidence of the shooting may be characterized as evidence showing a common scheme or plan to terrorize the Coopers. Under either of these lines of reasoning, the evidence of appellant's commission of the shooting was relevant and admissible for the consideration by the jury in determining if appellant was the perpetrator of the bombing.

■ Appellant claims the trial court erred in admitting testimony from Mr. Cooper about a threat made orally to him by another in the presence of appellant. Cooper testified that as this threat was uttered, appellant who stood behind the person making the threat nodded as if acquiescing in the threat. Appellant contends this evidence was irrelevant and erroneously admitted because there was no connection between the incident and the crime charged.

This Court has held evidence is relevant if it tends to connect the defendant with the crime charged. *Warfield, supra.* It is true in this case the crime charged is the attempted murder of Trina Cooper, not her father, to whom this threat was made. However, this evidence connects appellant with a member of the Cooper household and shows a motive on the part of appellant to commit the act on which the attempted murder charge is based. In that sense it connects the defendant with the crime charged and is germane to the issue of appellant's guilt. We hold testimony concerning the threat was properly admitted.

■ Appellant contends the verdict is not supported by sufficient evidence. Appellant's argument is there is insufficient

evidence he entertained the intent to kill Trina Cooper. He relies on evidence Trina was asleep in her bedroom upstairs at the time the bomb was exploded and was in no danger of being injured or killed. He also points to testimony from an investigating police officer to the effect it appeared to him that whoever exploded the bomb did not intend to hurt anyone.

 The crime of attempt generally has two elements: acting with the specific intent to commit the substantive crime, and taking a substantial step toward its commission. *Lewis v. State*, (1980) Ind.App., 413 N.E.2d 1069; *Anthony v. State*, (1980) Ind. 409 N.E.2d 632; *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507. To prove the crime of attempted murder so far as intent is concerned, the State must prove no more than the existence of the element of intention or knowingness needed to support a murder charge. *Scott v. State*, (1980) Ind., 413 N.E.2d 902. The element of intent required in a killing to constitute murder may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Anthony, supra; Loyd v. State*, (1980) Ind., 398 N.E.2d 1260; *Wollam v. State*, (1978) 269 Ind. 286, 380 N.E.2d 82.

All the State needed to prove was that appellant took a substantial step toward murder while entertaining the requisite intent. Exploding the bomb constitutes taking the substantial step. We have no difficulty in holding a pipe bomb to be a deadly weapon. We also have no difficulty in holding the weapon was used in a manner likely to cause death or great bodily harm to Trina Cooper. The explosion of a bomb in any part of a home at any time of day creates a substantial risk that death or great bodily harm will result to any of its occupants. We hold there is sufficient evidence to support the jury verdict that appellant was the person who planted the bomb. The requirements of the substantive law of attempted murder have been met.

In considering a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses.

We consider only the evidence most favorable to the State together with all reasonable inferences that may be drawn therefrom. If from that evidence and those inferences a reasonable trier of fact could find the existence of each element of the crime beyond a reasonable doubt, the conviction is affirmed. *Bond v. State*, (1980) Ind., 403 N.E.2d 812; *Helton v. State*, (1980) Ind., 402 N.E.2d 1263. In the case at bar there is ample evidence, together with reasonable inferences that may be drawn from that evidence, to support a finding of appellant's guilt beyond a reasonable doubt. Materials matching those used in the construction of the pipe bomb were found in appellant's home. Additionally, he had ready access at his place of employment to the kind of pipe used in making the bomb. The gun used at the shooting at the Coopers' home was found in appellant's possession. It is reasonable to infer the person who committed the related crime of the shooting also planted the bomb the night before. No evidence suggested the gun was ever in anyone else's possession during the time in question.

 The evidence in this case is circumstantial. However, we have held where the evidence is circumstantial, it is not necessary for this Court to find every reasonable hypothesis of innocence is overcome. It is only necessary that an inference reasonably tending to support the trial court's finding of the defendant's guilt can be drawn from the evidence. *Raspberry v. State*, (1981) Ind. 417 N.E.2d 913; *Gilmore v. State*, (1981) Ind., 415 N.E.2d 70. Considering the circumstantial evidence recited above, we find it reasonably supports an inference appellant committed the crime charged.

As to those factors appellant points to which he claims made it impossible for the bomb to have killed Trina Cooper, we note subdivision (b) of I.C. 35–41–5–1 [Burns' 1979], Indiana's attempt statute, provides: "It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted." This subdivision does away with the impossibility

defense as to an attempt charge. *Zickefoose, supra.* Appellant's contention there was evidence tending to prove the acts committed could not have resulted in Trina's death is without weight as an exculpatory factor in the attempted murder charge.

We also note the fact the evidence showed no motive for appellant to kill Trina Cooper does not negate any element of the crime of attempted murder. "Motive is not an element of any of the degrees of homicide." *Coleman v. State,* (1976) 265 Ind. 357, 361, 354 N.E.2d 232, 235. Though we no longer recognize homicide in degrees in Indiana, the rule still applies and motive is not an element of homicide.

Appellant also contends the trial court erred in denying his Motion for a Directed Verdict. A directed verdict is appropriate only where there is a complete lack of evidence on some essential element of the crime or where the evidence is without conflict and the only inference that can be drawn therefrom favors the accused. *Page v. State,* (1980) Ind., 410 N.E.2d 1304; *Norton v. State,* (1980) Ind., 408 N.E.2d 514. For the reasons noted above, we hold there is ample evidence together with the inferences that may be drawn therefrom to support each element of the crime beyond a reasonable doubt. The trial court did not err in refusing to direct a verdict of acquittal.

The trial court is in all things affirmed.

All Justices concur.