**Nathaniel TOLBERT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–682A128.**

Court of Appeals of Indiana, Third District.

Nov. 30, 1982.

Lonnie M. Randolph, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After a jury trial, Nathaniel Tolbert was convicted of robbery,[1] a class B felony, for which he received a six year sentence. On appeal, Tolbert contends that: (1) the trial court erred in allowing the State to amend its information a second time; and (2) the evidence was insufficient to support the conviction.[2]

Affirmed.

Tolbert was charged by information with robbery, a class B felony, on April 8, 1981. A week later he was arraigned and pleaded not guilty to that charge. The record indicates that plea bargaining was taking place, and after the cause was set for a change of plea, the State amended its information to charge Tolbert with robbery, a class C felony. However, no plea agreement was finalized, and on August 20, the court allowed the State to amend its information to again charge Tolbert with robbery, a class B felony.

Tolbert asserts that the amendment which raised the charge back to a class B felony was prohibited by IC 35–3.1–1–5(e) (Burns Code Ed., 1979)[3], which states:

"Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of

---

1. IC 1976, 35–42–5–1 (Burns Code Ed., 1982 Supp.).

2. Within his sufficiency of evidence claim, Tolbert also contends that it was improper for him to be charged as a principal but convicted as an accessory. We disagree. An accessory may be charged in the same manner as a principal. *Coleman v. State* (1976), 265 Ind. 357, 354 N.E.2d 232.

3. Repealed September 1, 1982.

the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations. [IC 35–3.1–1–5, as added by Acts 1973, P.L. 325, § 3, p. 1750; 1978, P.L. 2, § 3526, p. 2.]" (Brackets original.)

We disagree.

Tolbert first contends that the theory of the case was changed. The statute prohibits changes in the theory of the prosecution as originally stated. While the second amended information did change the theory from that stated in the first amended information, it did not change the theory from that which was originally stated in the initial information.[4]

Second, Tolbert contends that the amendment was one made after arraignment for the purpose of curing a legal insufficiency of the factual allegations. This contention also fails. This portion of the statute applies only to amendments which seek to cure deficiencies in the information upon which the defendant was arraigned. Tolbert was arraigned on the charge of robbery, a class B felony. The amendment of which Tolbert complains merely restated the initial information. It was not intended to cure any deficiency in the information upon which Tolbert was arraigned. Thus, the statute does not apply to these facts.

Tolbert also contends that the evidence was insufficient to support the conviction. The evidence most favorable to the State shows that Tolbert, along with two others, Burns and Blacknell, entered a liquor store. Tolbert and Blacknell remained near the door while Burns, who was armed, carried out the robbery. The three men left together in a car. Tolbert was riding in the back seat of the car and money from the robbery was found hidden in the back seat.

Tolbert asserts that there is no evidence that he participated in the crime, since he merely stood in the doorway while the robbery took place. However, presence at the scene of the crime, along with other circumstances tending to show participation, may be sufficient to sustain the conviction. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. Further, presence plus flight with the principal actor may be considered circumstantial evidence of guilt. *Coleman v. State* (1976), 265 Ind. 357, 354 N.E.2d 232.[5] The evidence that the men arrived together, fled together, and divided the proceeds of the robbery is sufficient to sustain Tolbert's conviction.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

4. Tolbert's reliance on *Trotter v. State* (1981), Ind., 429 N.E.2d 637, is misplaced. In *Trotter,* the original information charged the defendant with a class B robbery. The State amended the information to charge Trotter with class A robbery. That amendment was held to be improper as a change in the theory of the prosecution. While Trotter was convicted of a crime different from that with which he was initially charged, Tolbert was convicted of the same crime as that with which he was initially charged.

5. When a conviction is based in whole or in part on circumstantial evidence, we do not have to find that such evidence eliminates every reasonable hypothesis of innocence. Rather, we need only find that an inference may reasonably be drawn which supports the finding of the jury. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647; *Dorton v. State* (1981), Ind., 419 N.E.2d 1289.