Derrick **JOHNSON**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 784S281.

Supreme Court of Indiana.

March 20, 1985.

John McGrath, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class A felony. He was sen-

tenced to twenty (20) years of imprisonment.

The facts are: Appellant and a friend, John Gordon, were walking along a street in Gary. Appellant had in his possession a .22 caliber revolver. The gun continually slipped from appellant's trouser pocket. As a consequence of this, appellant gave the gun to Gordon. Appellant and Gordon discussed their respective need to acquire money and Gordon suggested robbery as a method. Appellant and Gordon then observed two individuals walking nearby. One of these men carried an 8-track AM–FM stereo tape recorder.

Appellant and Gordon approached these individuals and asked for a cigarette. The individuals refused and began to walk away. Appellant and Gordon followed them until they reached a darkened area. There Gordon demanded the individuals surrender the recorder. When they refused Gordon fired the gun and wounded one of them. Gordon then demanded money as well as the recorder. The victims dropped the recorder and fled. Appellant disposed of the gun. Gordon then sold the recorder and shared the money with appellant.

Appellant contends there was insufficient evidence to support the finding of the jury. He contends the evidence merely demonstrated his presence during the crime. He argues there was no evidence to show a prior agreement between he and Gordon to commit the crime nor was there evidence to demonstrate he committed any act in the furtherance of the crime. He concludes mere presence and advance knowledge will not sustain a conviction under an accomplice theory of liability.

 On a challenge of the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Rowan v. State* (1982), Ind., 431 N.E.2d 805. Presence at the scene of the crime along with other circumstances tending to show participation may be sufficient to sustain a conviction. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289.

 In the case at bar, appellant provided Gordon with the gun and continued to permit him to retain it after Gordon's intention became clear. Appellant then accompanied Gordon as he stalked the victims. Appellant stood and watched as Gordon committed the crime. Appellant disposed of the weapon and shared in the bounty of the crime. The Court of Appeals, in *Tolbert v. State* (1982), Ind.App., 442 N.E.2d 718, affirmed a conviction on similar facts. We hold sufficient evidence was presented to support the conviction.

Appellant next contends the trial court erred when it denied appellant's Motion for a Directed Verdict. Based upon our holding above we find no error in denying the motion.

The trial court is in all things affirmed.

All Justices concur.