## STATE OF CONNECTICUT *v.* CHRISTOPHER TAYLOR

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 14730
AT NEW HAVEN

20

*George R. Tiernan,* state's attorney, for the state.

*Jacobs, Jacobs, Grudberg & Clifford,* of New Haven, for the defendant.

PARSKEY, J.   On October 11, 1967, Detectives Robert Ferguson and James Gill executed an affidavit wherein they stated that they had information based on personal knowledge from a confidential informant, whose information in the past has resulted in convictions, that Christopher Taylor was using and dispensing marihuana, that the illegal activity was taking place in Timothy Dwight College, room 1666, which is occupied by Christopher C. Taylor, and that the informant has been on said premises and has observed Taylor and Taylor's friends engaged in collective smoking on a hookah pipe which was described by the informant as about ten inches in height, of a white porcelain material (in the experience of the affiants commonly used for the smoking of marihuana) and located on a desk in the room.   As a result of this information, Detective Buffaloe on October 11, 1967, proceeded to Timothy Dwight College, observed that room 1666 was listed to Christopher Taylor, and through the open door observed the previously described hookah pipe.   On the basis of this affidavit on October 11, 1967, Judge Robert Levister of the Circuit Court issued a search warrant authorizing a search of the subject premises and of the person of the defendant for "certain narcotics, heroin, marijuana, pills, barbiturates, needles, vials, syringes, hookah pipes, pipes, cigarettes paper, strainers, envelopes and any toehr

[sic] paraphernalia which could be used to violate sections 19-246 & 19-227 of the Connecticut General Statutes."[1]  Armed with this warrant, New Haven police entered room 1666, allowed the defendant to read the warrant and seized numerous items mentioned in the warrant. No copy of the warrant was left with the defendant.

The defendant has filed a motion to suppress use of and return evidence, claiming that (1) there was no probable cause for the warrant; (2) the alleged probable cause was based on false and malicious information; and (3) the warrant was illegally executed because (a) no copy of the warrant was served on the defendant and (b) items seized were not particularly described.  At the argument on the motion, the defendant orally withdrew the claim of false information.

The fourth amendment to the constitution of the United States requires that no search warrant shall issue but upon probable cause supported by oath or affirmation.  The affidavit accompanying the application must set forth sufficient underlying circumstances so as to permit the issuing authority to perform his independent function of determining the existence of probable cause. *United States* v. *Ventresca,* 380 U.S. 102, 105.  The recital must be of facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time. *Sgro* v. *United States,* 287 U.S. 206, 210.  The affiant need not have made personal observations.  He may rely on hearsay so long as a substantial basis exists for crediting the hearsay. *Jones* v. *United States,* 362 U.S. 257, 269.

[1] On September 26, 1968, the defendant pleaded guilty to a substituted information charging violation of Public Acts 1967, No. 555 § 37 (b) (General Statutes § 19-481).

In the light of the foregoing principles, absent the issue of time, there was ample evidence of probable cause to justify the issuance of a search warrant. The personal observations of the informant, especially the collective smoking on a hookah pipe —the telltale sign of a pot party—would lead a reasonable man sensibly to the conclusion that the defendant was probably engaged in the illegal use of marihuana.

With respect to the question of timeliness, the information stated that the defendant "was using and dispensing marijuana," that this illegal activity "was taking place" in the defendant's room, that the informant "has been on said premises and has observed Taylor and Taylor's friends engaged in collective smoking on a hookah pipe," that this pipe "is located on a desk in said room." These statements, singly and in totality, indicate a continuum of illegal activity from the recent past to the present. When one considers that the activity is alleged to have occurred in a college dormitory room, that the date of the affidavit was October 11, 1967, that the college year usually begins the second or third week in September, the information is far from stale. Despite this, the circuit judge need not have been convinced of the presence of narcotics in the defendant's room. He might have found the affidavit insufficient and have withheld his warrant. *Jones* v. *United States,* supra, 271. When, however, a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant and will sustain the judicial determination so long as there was a substantial basis for the magistrate to conclude that narcotics were probably present. *Aguilar* v. *Texas,* 378 U.S. 108, 111.

Concerning the failure to leave a copy of the warrant: The applicable statutes governing the issuance and execution of search warrants in all counts are §§ 54-33a, 54-33b and 54-33c. None of these sections requires that a copy of the warrant be left with the person in possession of the place being searched. In this case, the search warrant was exhibited to the defendant and he was permitted to read it before the search was commenced, this was a sufficient execution or service for the purposes of the statute. Nor does § 54-2a concerning the issuance of criminal process by the Circuit Court, require otherwise. Even if this section were applicable, the phrase "[a]ll process . . . shall be served . . . in the same manner as process issued by any other court or judge" obviously refers to similar process —thus, in this instance, search warrants issued by the Superior Court. The defendant points to no statute which requires that copies of such warrants be left at the place of search. It would be strange to so interpret a statute as to require one set of procedures for search warrants issued by the Circuit Court and another set for warrants issued by the Superior Court. If such is to be the case, the statutes should so state explicitly.

Finally, the description of items to be seized: The fourth amendment is designed to eliminate the use of general warrants. It does this by requiring that the description of items to be seized shall be so particularized that the officer charged with the execution of the warrant will be left with no discretion respecting the property to be taken. 47 Am. Jur., Searches and Seizures, § 37. Using this yardstick, the reference in the warrant to "paraphernalia which could be used to violate sections 19-246 & 19-227 of the Connecticut General Statutes" is much too broad and much too vague, and therefore items seized which were not specifically mentioned in the

warrant may not be used in evidence, and they should be returned to the defendant.

Accordingly, the motion to suppress is granted with respect to the following items: one cigarette rolling machine, one scale, one torn matchbook cover; and these items are ordered returned forthwith to the defendant; the motion to suppress is denied with respect to all other seized property.