STATE OF CONNECTICUT *v.* ANONYMOUS (1971–5)*

CIRCUIT COURT

MORAGHAN, J.  The defendant has moved to suppress certain evidence seized under a search and seizure warrant for his apartment.  His attack is an extremely narrow one and is limited to his contention that the information set forth in the search and seizure warrant is not timely, or stale, and therefore fails to establish probable cause.  The challenged warrant was introduced at the hearing on the motion and is incorporated herein by reference as a defendant's exhibit.

The standard of probable cause to be met by an affidavit in support of a search and seizure warrant, as distinguished from the standard to be met in an affidavit in support of an arrest warrant, is whether

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

a judge has probable cause to believe that there is presently located, upon the premises, person or thing to be searched, the fruits of a crime, the instrumentalities of a crime, and/or contraband. In reaching the determination of probable cause, a judge is not called upon to determine whether the offense charged has in fact been committed. He is concerned only with the question whether there are reasonable grounds to believe, at the time of the affidavit, that the law was being violated on the premises to be searched. *United States* v. *Eisner* 297 F.2d 595, 597, cert. denied, 369 U.S. 859; *Carney* v. *United States,* 163 F.2d 784, 786, cert. denied, 332 U.S. 824; *Aderhold* v. *United States,* 132 F.2d 858.

In the case at bar, there was a lapse of twenty-seven days between the date the affidavit was presented and the issuance of the warrant.

The court is constrained to note that in the affidavit there appear but two certain dates of specific activity. The remaining dates refer to activity at least four years prior to the date of issuance of the warrant and to two specific dates when police officers received information from an anonymous informant who apparently meets the requirements as to reliability and knowledge. See *Spinelli* v. *United States,* 393 U.S. 410; *McCray* v. *Illinois,* 386 U.S. 300. There is, however, no indication of the dates when the informant observed the activity. Such a defect has been held to invalidate a warrant. *Rosencranz* v. *United States,* 356 F.2d 310.

The state has contended that the affidavit in the instant case demonstrates a continuous offense, a continuum of illegal activity from the recent past to the present. See *State* v. *Taylor,* 28 Conn. Sup. 19, 22. In *Taylor,* however, there was information obtained and disclosed by the affiants in the affidavit on the very date the warrant was issued.

The affidavit fails to establish a continuum of illegal activity beyond the date of the affidavit, if, in fact, to that date. The information in the search and seizure warrant is not timely.

The motion to suppress must be, and is, granted.