STATE of Iowa, Appellee,

v.

Gary CASSADY, Appellant.

No. 58141.

Supreme Court of Iowa.

June 30, 1976.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., William D. Scherle, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

Defendant was convicted on four separate counts of delivery of a controlled substance as defined in § 204.401(1) and one count of possession of a controlled substance in violation of § 204.401(3), The Code, 1973. He appeals from judgment imposing concurrent sentences on these convictions. We affirm the trial court.

This case was here once before on a writ of certiorari. See Cassady v. Wheeler, District Judge, 224 N.W.2d 649 (Iowa 1974).

The appeal challenges the validity of the search warrant under which certain evidence was seized and later used against defendant; charges that certain "drug-related paraphernalia" admitted over his objection deprived him of a fair trial; and, lastly, claims prejudicial error in the county attorney's closing argument.

I. Defendant's attack on the search warrant is two pronged. He says, first, the warrant was issued on "stale" information, providing no basis for a finding of probable cause at the time the warrant issued. He also asserts the affidavit and oral testimony upon which the magistrate acted contained three instances of materially false information. We find against defendant on both contentions.

The search warrant was issued June 13, 1974. Prior to that date, undercover officers of the Des Moines Police Department made two "buys" from defendant. One of these buys was made on May 17, 1974, and the other on May 29, 1974.

A search warrant, of course, may be issued only upon a showing of probable cause at the time the warrant issues. Defendant argues the information upon which this warrant issued was so remote that it furnished no probable cause for the issuance of the warrant on June 13, 1974. Defendant

relies upon Sgro v. U. S., 287 U.S. 206, 212, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263 (1932); Ashley v. State, 251 Ind. 359, 241 N.E.2d 264, 268–269; People v. Siemieniec, 368 Mich. 405, 118 N.W.2d 430, 431–432 (1962) and People v. Wright, 367 Mich. 611, 116 N.W.2d 786, 787–788 (1962).

■ Under existing circumstances, we think the warrant is not assailable on this ground. The affidavit shows facts which, if true, strongly suggest defendant's continuing involvement in narcotics. When the buys were made by the undercover agents, defendant invited them to make additional purchases later. He also described some of his other "merchandise" and asked them to visit his apartment to sample these products. We hold there was ample showing of probable cause on the date the warrant issued.

As support for this holding see United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, 733 (1971); United States v. Harris, 482 F.2d 1115, 1119 (3rd Cir. 1973); Johnson v. State, 14 Md.App. 721, 288 A.2d 622, 627–628 (1972); State v. Taylor, 28 Conn.Sup. 19, 246 A.2d 898, 900 (1968).

■ Defendant next challenges the search warrant because the information upon which it issued was erroneous in three separate instances.

Defendant relies upon State v. Boyd, 224 N.W.2d 609, 616 (Iowa 1974). Defendant did not preserve error under Boyd for review of this issue. Furthermore a review of the record discloses none of the alleged misrepresentations was material. Disregarding them completely, we find the facts within the personal knowledge of the officers as communicated to the magistrate provided ample factual basis for the warrant to issue.

II. Next defendant complains because the trial court admitted certain "drug-related paraphernalia" consisting of pipes, baggies, scales and cigarette rolling machines. These were admitted solely on the count charging possession of a controlled substance.

■ Defendant does not argue possession of these items has no relevancy to this charge. He claims, rather, that its slight probative value was outweighed by prejudice resulting from its admission. The general rule is that even relevant evidence should be excluded if serious prejudice results, outweighing its probative value. 1 Jones on Evidence, 6th Ed. (Gard.), 1972, § 4:6, page 392; *State v. Harmon*, 238 N.W.2d 139, 144–145 (Iowa 1976); *Cowman v. LaVine*, 234 N.W.2d 114, 121–122 (Iowa 1975); *State v. Slauson*, 249 Iowa 755, 760–761, 88 N.W.2d 806, 810 (1958).

■ The question of balancing the probative value of the testimony against possible prejudice is a matter of trial court discretion. We reverse such decisions only for abuse of discretion. *See State v. Harmon, supra*, 238 N.W.2d at 145; *Hagenson v. United Telephone Company of Iowa*, 209 N.W.2d 76, 80 (Iowa 1973). We find no abuse of discretion here and consequently hold the ruling of the trial court was proper.

III. The last issue concerns the prosecutor's final argument. It is closely related to Division II because the impropriety alleged concerns the county attorney's reference to the "drug-related paraphernalia" discussed there.

Defendant insists the county attorney's argument deprived him of the benefit of the entrapment defense he asserted in connection with the delivery counts. As part of this objection, defendant says the evidence should not have been admitted in addition to the reason advanced in Division II because it permitted the county attorney to rely on evidence of other crimes to overcome his entrapment defense. He says this violated the rules we recently adopted on entrapment in *State v. Mullen*, 216 N.W.2d 375, 382 (Iowa 1974).

In *Mullen* we renounced the traditional subjective test for entrapment (defendant's predisposition to commit the offense) in favor of an objective test directed toward the curbing of improper law enforcement tactics.

However, defendant gets more comfort from *Mullen* than it really affords him. He insists the argument designating the articles seized as "tools of the trade" and other similar references was improper in connection with the possession count. Perhaps anticipating claims such as defendant now makes, we said there:

"* * * [W]e do not mean to modify our rule permitting proof of other criminal acts which are an inseparable part of the whole deed. (citations)" *State v. Mullen, supra*, 216 N.W.2d at 383.

■ It is clear from this statement *Mullen* was not intended to abrogate our rule permitting evidence of all the circumstances surrounding the commission of the crime. *See State v. Watson*, 242 N.W.2d 702 (Iowa 1976) and citations.

■ We find no impropriety in the portion of final argument to which objection was made. The county attorney's remarks were well within proper limits. If what was said negated the defense of entrapment, it was only because the admissible evidence made that claim unlikely, if not actually incredible.

IV. Finding no reversible error, we affirm the judgments.

AFFIRMED.