**STATE of Iowa, Appellee,**

v.

**David John KAUFMAN, Appellant.**

No. 58929.

Supreme Court of Iowa.

April 19, 1978.

Rehearing Denied June 23, 1978.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Dan L. Johnston, County Atty., for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

REES, Justice.

On April 8, 1975 a county attorney's true information was filed charging defendant in count I with the crime of possession with intent to deliver a schedule I controlled substance, to-wit: marijuana, and in count II with possession with intent to deliver a schedule I controlled substance, to-wit: hashish, all in claimed violation of § 204.-401(1), The Code, 1975. Following a verdict of guilty as to both counts, an accommodation hearing was held, resulting in a finding that the drugs were not possessed as an accommodation for another. Defendant was sentenced to serve two terms of five years to run concurrently, and he appeals. We affirm in part, and reverse in part.

The charges in this case resulted from the discovery of approximately one ounce of hashish, six pounds of marijuana, scales, and alleged records of drug transactions during a search conducted pursuant to a warrant. Prior to trial, defendant moved to suppress evidence obtained in the search alleging the information submitted for the search warrant was inaccurate, incorrect and unlawful; that the warrant was obtained upon information which was stale and remote; and that there had been no showing that the informants, whose information was relied upon for the issuance of the warrant, were reliable.

At hearing on the motion to suppress a copy of the information for the search warrant was introduced into evidence. The information was signed by Officer Larry Edwards, and he alleged therein he was present during the arrest of two persons for possession of marijuana the day before the search was conducted; that the arrest took place "in front of" defendant's trailer; that one of the persons arrested told the officer he had purchased the marijuana from the defendant; and that a second confidential informant had observed hashish in the trailer during February, 1975. The application for the search warrant indicated the informant who was arrested had not given the police information before and that the second informant confirmed the accuracy of the statement of the first.

The deposition of Officer Edwards was admitted into evidence at the suppression hearing, in which he stated he arrived after the two persons were arrested and did not know where they had been taken into custody. The defendant testified at the suppression hearing that the arrest of the two persons had been made a block away from his trailer.

The trial court overruled the motion to suppress on September 11, 1975, finding there had been no material misrepresentations made to the magistrate and that, even though some of the information in the application for the warrant may have been over one month old, some of the information was only one day old, and that such circumstances did not require suppression of the evidence on the basis the facts were stale and remote. The evidence sought to be suppressed was later admitted at the trial of the defendant.

After the jury had been selected and sworn to try the case, the State moved to amend count II of the information to allege "illegal possession of a controlled substance, to wit, marijuana, in the form of hashish." The motion to amend was resisted by the defendant, who then moved to consolidate the two counts of the information into one count.

The defendant filed a motion in limine in which he sought, among other things, a ruling that the word "juvenile" not be used in connection with the sale of marijuana to the two persons arrested since such description of one of the arrested persons would be highly inflammatory and serve to deny the defendant a fair trial. No resistance was made by the State to such motion, and the court ordered that the word "juvenile" should not be used in connection with the presentation of the State's case.

During the interrogation of Officer Edwards by the prosecutor Edwards was asked why the two persons had been arrested at a point proximate to the defendant's trailer. Edwards answered, "he was assigned to juvenile for possession of a schedule I controlled substance." Defendant's counsel immediately asked that the court

take up a matter of law out of the presence of the jury, and the record indicates the court ordered the matter of law to be taken up at the next subsequent recess. At that recess, defendant's counsel moved for a mistrial on the ground that the ruling on the motion in limine had been violated by Officer Edwards' employing the word, "juvenile" in his testimony, and that prejudice resulted from the use of the word which would deny the defendant a fair trial. The State indicated it had advised the officer not to use the word "juvenile" and the fact that the person arrested was a juvenile was not explored in the interrogation of the witness. The trial court found the statement was not deliberate and overruled the motion for a mistrial. On four occasions during the testimony of Officer Edwards, defendant's counsel sought to examine him on the voir dire, but counsel's requests to so examine Edwards were denied by the court. Also, Edwards testified the defendant had told him that he [the defendant] was the biggest drug dealer in Des Moines, or that he knew of no drug dealer in Des Moines who worked on a bigger scale than defendant. Such testimony was objected to by defendant's counsel as being not relevant to any matter involved in the case.

When the court's instructions to the jury were submitted to counsel, defendant's attorney objected to an instruction on reasonable doubt since references therein to the evidence in the case were not modified by the phrase, "by the state". Such objection was based on the rationale that without the modifying phrase the instruction was incomplete and contrary to the defendant's presumption of innocence and the State's burden of proof. Defendant's objection in this regard was overruled by the court.

Defendant also objected to the instruction given by the court defining circumstantial evidence, contending that the instruction was incomplete and defendant requested the court to give to the jury Uniform Jury Instruction No. 501.13. In overruling such request, the court stated the uniform instruction was appropriate only in a situation where the entire case was based on circumstantial evidence.

After the verdict of the jury and the finding that the drugs had not been delivered by the defendant as an accommodation, defendant filed a motion in arrest of judgment, to set aside the verdict, and for a new trial. Among other grounds, he alleged trial court erred in overruling his demurrer and motion to consolidate the counts, in denying the defendant an opportunity to examine State's witnesses on the voir dire, in denying defendant's counsel an opportunity to present his motion for a mistrial immediately after defense counsel had indicated he wished to present a matter of law outside the presence of the jury, in overruling objections made during the trial, in overruling the motion for a mistrial for the prejudicial effect of the use of the word "juvenile", and in giving the instructions as set out above. All of said motions were overruled on November 6, 1975.

On November 24, 1975 defendant filed an amendment to his motion for a new trial in which he asserted a juror had indicated that during the jury's deliberation on the case, several jurors stated that if the drugs in the defendant's possession were intended only for his personal use he should have testified to that effect. The amendment to the motion was supported by the affidavit of one of the jurors. Trial court overruled the amendment to the motion for new trial, stating, "the argument of the jury to each other adheres (sic) in their verdict and may not be used under these circumstances to undo the verdict of the jury." Defendant was thereupon sentenced to serve two concurrent five-year terms at the Men's Reformatory.

The defendant advances the following issues which he contends necessitate a reversal in this case:

(1) The trial court erred in giving to the jury an instruction on reasonable doubt which did not refer solely to the evidence presented by the State when referring to the evidence involved in the case, since the defendant called no witnesses to testify in his behalf.

(2) The trial court erred in giving to the jury a limited definition of circumstantial evidence when the defendant requested a more comprehensive definition of circumstantial evidence as contained in Uniform Jury Instruction No. 501.13.

(3) Trial court erred in overruling defendant's motion to suppress evidence obtained during a search of defendant's trailer pursuant to a warrant when the written application for the warrant failed to demonstrate the juvenile informant's credibility and reliability, contained reference to information obtained from a second informant based on knowledge obtained from observations made in February, over one month prior thereto, and contained claimed misrepresentations about the arrest of the juvenile.

(4) The trial court erred in overruling defendant's demurrer to the information and motion to consolidate the counts on the possession of hashish and marijuana since the two drugs were discovered during one occurrence, § 204.204(4), The Code, does not list hashish as a controlled substance, and hashish is a derivative of marijuana.

(5) Trial court erred in overruling defendant's amended motion for a new trial in which jury misconduct was claimed.

(6) Trial court erred in refusing defendant's motion for a new trial on the grounds that the word "juvenile" was used by a State's witness in violation of the ruling on defendant's motion in limine, that trial court erred in summarily denying the defendant's request to examine a State's witness (the police officer) on the voir dire, and that trial court erred in permitting the police officer to testify concerning the defendant's statement he was willing to help the police and that he was the biggest drug dealer in Des Moines, as such statement was not relevant to the facts of the case.

I. The first issue stated for review is whether the trial court erred in its refusal to amend its instruction on reasonable doubt to include the words "by the state" where reference was made to the evidence in the case since the defendant did not present any evidence. The instruction stated:

"The burden is on the State to prove the defendant guilty beyond a reasonable doubt.

"A 'reasonable doubt' is such doubt as fairly and naturally arises in your mind and by reason of which you cannot say that you have a full and abiding conviction of the guilt of the defendant; and if, after considering all of the circumstances as disclosed by the evidence, you find your mind wavering or vacillating, then you have a reasonable doubt, and the defendant is entitled to the benefit of such doubt and you must acquit him. A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence produced by the State, and it must be such a doubt as would cause a reasonable, prudent and considerate man to pause and hesitate before acting in the graver and more important affairs of life. But you should not ignore credible evidence to hunt for doubt, and you should not entertain such doubt as is purely imaginary or fanciful or based on groundless conjecture. If, after a careful and impartial consideration of all the evidence in the case, you have a full and abiding conviction of the guilt of the defendant, then you are satisfied beyond a reasonable doubt, otherwise you are not satisfied beyond a reasonable doubt.

"Whenever in these instructions the words 'prove', 'proved', 'establish', or 'established' are used in connection with any matter referred to must be established beyond a reasonable doubt by the evidence as herein defined."

Defendant objected to the instruction in the foregoing form since references to the evidence in the case were not limited by the words "by the state". Defendant contends such phrase is necessary in order to prevent any negative inference by the jury concerning defendant's failure to introduce evidence on his own behalf. Defendant claims that without the requested phrase the court's instruction was adverse to his presumption of innocence, contrary to the bur-

den of proof and denied him a fair trial. In response to this argument the State claims that the limitation sought by the defendant in the foregoing instruction is necessary only with reference to a lack or failure of the evidence.

We have required a limitation as requested by the defendant where reference was made to a lack or failure of the evidence in order to protect a defendant's right to place the burden of proof on the State and to protect defendant's presumption of innocence. See *State v. Osmundson*, 241 N.W.2d 892, 893 (Iowa 1976); *State v. Boyken*, 217 N.W.2d 218, 219 (Iowa 1974); *State v. McGranahan*, 206 N.W.2d 88, 92 (Iowa 1973).

■ Since the court's instruction contained such a limitation in reference to the lack or failure of the evidence, no prejudice or harm resulted to the defendant from the failure of the trial court to incorporate the limiting phrase in the foregoing instruction, and we conclude there is no merit to defendant's contention otherwise.

II. The defendant also claims trial court erred in submitting to the jury a limited definition of circumstantial evidence instead of giving the uniform instruction on circumstantial evidence requested by the defendant. The following instruction was given to the jury by the trial court:

" 'Evidence' is whatever is admitted in the trial of the case as part of the record, whether it be an article or document marked as an exhibit, other matter formally introduced and reviewed, a stipulation, or the testimony of witnesses.

"There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence; for example, the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts."

Uniform Jury Instruction No. 501.13 requested by the defendant provides in pertinent part:

"Circumstantial evidence is that which tends to establish a fact or facts, from which it may be reasonably and logically deduced that the main or ultimate fact exists which is thus sought to be proved . . . all the facts and circumstances necessary to prove guilt must be connected with each other and with the main facts sought to be proven, that taken together they lead to a satisfactory conclusion that the crime charged was committed and that the accused committed it. It is not sufficient that they render probable the guilt of the accused, but they must exclude every reasonable hypothesis of his innocence."

Defendant contends trial court's limited definition of circumstantial evidence was vague and incomplete and that the jury was therefore not properly instructed on circumstantial evidence, which resulted in a denial of a fair trial. In the record, the trial court observed the Uniform Jury Instruction should not be given since it was appropriate only when an entire State's case was bottomed upon circumstantial evidence which was not the situation in the matter before us here. The State suggests an instruction on circumstantial evidence was unnecessary since the evidence was not wholly circumstantial.

We incline to the view the instruction given by the court is in fact an incomplete definition of circumstantial evidence, and in a case in which an instruction on circumstantial evidence was required, would be inadequate. We have said, however, that an instruction on circumstantial evidence is not necessary where the case against the defendant is not wholly circumstantial. *e.g., State v. Moehlis*, 250 N.W.2d 42, 47 (Iowa 1977); *State v. Ochoa*, 244 N.W.2d 773, 777 (Iowa 1976); *State v. Speck*, 242 N.W.2d 287, 295 (Iowa 1976). We have also said that even though evidence of intent to commit a crime may be wholly circumstantial, where there is direct evidence on at least some of the other elements of the crime, an instruction on circumstantial evidence is not required. *State v. Moehlis*, 250 N.W.2d at 47.

While there was direct evidence with respect to defendant's possession of the drugs in question, his intent to deliver them was bottomed on circumstantial evidence. In light of our position in *Moehlis* we conclude an instruction on circumstantial evidence was not required in this case and that the instruction given the jury by the trial court did not serve to deny the defendant a fair trial.

III. The defendant claims the trial court committed reversible error in its refusal to grant defendant's motion to suppress evidence seized by police officers during a search conducted pursuant to a warrant, and claims that the determination which led to the issuance of the search warrant was subject to certain constitutional infirmities rendering the search and the resultant seizure invalid.

The warrant which authorized the search was issued by the magistrate on the basis of information submitted by Officer Edwards in his application dated March 13, 1975. In the information for the search warrant, Edwards stated he observed the defendant at the place to be searched and that defendant was present during the arrest of the two persons, who had one pound of marijuana in their possession. Edwards related that one of the persons arrested was a juvenile, that the arrest occurred in front of defendant's trailer, and that the juvenile told Edwards that defendant had sold the marijuana to him for $220. Edwards also related other information obtained from a second informant who reported he had seen a quantity of hashish in defendant's trailer and had seen other persons purchase hashish from the defendant. This last information apparently came to the attention of the second informant in the month of February, 1975. The search warrant was issued on the basis of the above recited facts.

In a deposition presented at the hearing on the motion to suppress evidence, Edwards stated that he arrived after the arrest of the two persons and that he was not sure where they were arrested. Defendant stated the arrest of the two persons had occurred about a block away from his trailer.

On the basis of the foregoing, the defendant claims the search pursuant to the warrant was unconstitutionally infirm since Edwards did not present the magistrate with facts and circumstances from which the issuing officer could conclude the information obtained from the juvenile was reliable. Defendant also asserts the information from the other informant was too stale to justify the issuance of a warrant, and that Edwards made intentional misrepresentations in applying for the warrant which rendered the warrant and the resultant search and seizure invalid.

We have said that in order for there to be probable cause for the issuance of a search warrant a magistrate must not rely on conclusions but must be furnished and presented with circumstances and facts that would justify a reasonable person to believe an offense has been or is being committed. *State v. King*, 256 N.W.2d 1, 5 (Iowa 1977) and citations.

The defendant questions whether the information supplied by the officer concerning the first (or "juvenile") informant was sufficient to meet the test set out in *Aguilar v. Texas*, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964). We have said this test requires that where an informant supplies information used to obtain a search warrant the magistrate must be informed of "underlying facts and circumstances both (1) from which the informant reached his conclusions, and (2) from which the affiant concluded the informant was reliable." *State v. Spier*, 173 N.W.2d 854, 859 (Iowa 1970).

Defendant's question is directed toward the second part of the *Aguilar* test quoted in *Spier*, above set out; that is, whether there was an adequate showing of the reliability of the informant. However, the information obtained by the officer was given against the interest of the informant which provides a basis for determining the informant was reliable. See *United States v. Harris*, 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723, 734 (1971); *State v.*

*Moehlis*, 250 N.W.2d at 45; *State v. Everett*, 214 N.W.2d 214, 217–218 (Iowa 1974). Further, the information obtained from the juvenile informant was fortified by the information related by the second informant whose reliability was not questioned by the defendant although he attacked the warrant on the basis that the information from the second informant was stale and remote. We therefore hold there was a substantial factual basis for determining the juvenile was reliable with respect to the information he furnished Officer Edwards. As above stated, the magistrate was furnished by Edwards with information obtained from a second informant concerning the defendant's possession and sale of hashish. The information when obtained from Edwards from the second informant could have been up to six weeks old by the time the application for the search warrant was made, and the defendant asserts the information was too stale and remote to support the issuance of a warrant. In order to have a valid search warrant, the magistrate issuing the warrant must determine that probable cause exists at the time when it is issued and not at some earlier time. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *State v. Cassady*, 243 N.W.2d 581, 582 (Iowa 1976); *State v. Bean*, 239 N.W.2d 556, 559 (Iowa 1976), cert. denied, 429 U.S. 824, 97 S.Ct. 76, 50 L.Ed.2d 86. However, information showing a continuous involvement in criminal activity is less likely to be stale even though some time has passed from the garnering of such information. *State v. Cassady*, 243 N.W.2d at 582; *State v. Bean*, 239 N.W.2d at 559.

On the basis of the foregoing authority, we conclude that since the observations of the second informant during the month of February showed a continuous involvement in criminal activity on the part of the defendant, it was not stale or remote and that this information, along with the information from the person arrested a day before the search warrant was issued, established the requisite probable cause for the issuance of the warrant.

Finally, the defendant asserts the search warrant was invalid because Officer Edwards intentionally gave false and misleading statements to the magistrate. Edwards stated in the application for the warrant that he was present at the arrest of the two persons the day before the search took place and that the arrest happened "in front of" Kaufman's trailer. Since Officer Edwards stated in a deposition he was not present when the persons were arrested and, therefore, did not know where they were arrested, the defendant contends such misrepresentations should void the information for the warrant and the subsequent warrant and search. The defendant testified the persons were arrested a block away from his trailer, but the trial court found the statements were not material misstatements.

Intentional misrepresentations by an applicant for a search warrant render a search warrant invalid, but the defendant must prove by a preponderance of the evidence that the misrepresentations were intentional. *State v. Iowa Dist. Ct. in and for Johnson Cty.*, 247 N.W.2d 241, 246 (Iowa 1976); *State v. Boyd*, 224 N.W.2d 609, 616 (Iowa 1974). See also *United States v. Marihart*, 492 F.2d 897, 900 (8 Cir. 1974), cert. denied 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974); *United States v. Carmichael*, 489 F.2d 983, 989 (7 Cir. 1973); *United States v. Thomas*, 489 F.2d 664, 671 (5 Cir. 1973) cert. denied 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975).

We find the record indicates there were some misrepresentations in the application for the warrant, but there is nothing in the record to show that they were intentional, except for defendant's conclusions to that effect. Therefore, the defendant did not prove by a preponderance of the evidence that the misstatements were intentionally made.

After a complete review of the alleged infirmities or claimed irregularities in obtaining the warrant, we find defendant's contentions are without merit and that the search was conducted under a valid search warrant. Therefore, the trial court did not

err in overruling defendant's motion to suppress the evidence obtained in the search.

IV. Defendant argues the trial court erred in not granting his motion to consolidate the two counts concerning the violation of § 204.401(1), The Code, since both counts arose out of the same occurrence and that hashish and marijuana, the drugs which the defendant is charged with possessing in the two separate counts, are in fact various forms of the same drug (marijuana).

Section 204.401(1), The Code, under which the defendant was charged, provides in part:

"1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

"  *    *    *."

Section 204.204, The Code, details a list of schedule I controlled substances and subsection four of that section provides in part:

"4. Any material, compound, mixture or preparation which contains any quantity of the following hallucinogenic substances, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers, and salts of isomers is possible within the specific chemical designation:

"  *    *    *

"j. Marijuana.

"  *    *    *

"Tetrahydrocannabinols."

The State contends possession of hashish can stand alone as a separate violation of § 204.401(1), The Code, apart from the violation charging possession of marijuana since hashish contains tetrahydrocannabinols. A defendant can be charged with multiple offenses arising out of a single occurrence so long as each offense requires proof of different facts. *United States v.*

*Lindsay,* 552 F.2d 263 (8 Cir. 1977); *State v. Burton,* 231 N.W.2d 577, 578 (Iowa 1975).

Not only are the items listed in § 204.204(4) controlled substances, but the derivatives of the same and the compounds thereof are as well. Since hashish is a distinct compound, mixture or derivative of marijuana, under such an interpretation of the statute, it might be possible to treat the possession of hashish as a separate violation from one charging the possession of marijuana. However, the State prevents us from adopting such an interpretation by the wording of the information charging possession of hashish, the amended count charged "illegal possession with intent to deliver a schedule I controlled substance, to-wit, marijuana, in the form of hashish." Since said count treats hashish as another form of marijuana without mentioning distinctions, we deem it impossible to adopt the State's interpretation to permit both counts to stand.

Therefore, the conviction of the defendant on the second count should have been set aside by the trial court. It in fact constituted a double charge for one criminal offense which violated due process of law and the prohibition against double punishment for a single offense as flows from the Fifth Amendment of the United States Constitution. See *State v. Birkestrand,* 239 N.W.2d 353, 363 (Iowa 1976). See also Article 1 section 12, Iowa Constitution. The conviction of the defendant for the second count and the sentence imposed pursuant thereto is, therefore, void and must be set aside. See *State v. Gilroy,* 199 N.W.2d 68 (Iowa 1972).

V. Defendant asserts the trial court erred in overruling his amended motion for a new trial on the basis of his claim of jury misconduct. A juror stated in an affidavit, the elements of which the State did not refute, that several members of the jury during the jury's deliberations cogitated on the question as to why defendant had not taken the stand in his own behalf if he intended to use the drugs personally. Defendant contends these statements by some members of the jury violated the defend-

ant's privilege against self-incrimination. In overruling the amended motion for a new trial, the court stated: "the argument of the jury to each other adheres (sic) in their verdict and may not be used under these circumstances to undo the verdict of the jury."

Jurors are not permitted to impeach their verdicts. *State v. King*, 256 N.W.2d 1, 12 (Iowa 1977). Particularly, a juror cannot impeach the verdict by stating what considerations influenced the jury's determination since such considerations inhere in the verdict. *State v. Berch*, 222 N.W.2d 741, 747–748 (Iowa 1974); *State v. Jackson*, 195 N.W.2d 687, 690 (Iowa 1972); *State v. Brown*, 253 Iowa 658, 671, 113 N.W.2d 286, 294.

We perceive no merit in defendant's contention in this stated issue.

VI. Finally, the defendant asserts the trial court erred in overruling his original motion for a new trial. The same issues stated for review here were advanced in defendant's motion for a new trial.

He contends the refusal of the trial court to permit his counsel to examine State's witnesses on the voir dire immediately upon request and the court's failure to permit a record to be made on a matter of law out of the presence of the jury immediately when requested evidenced the lack of impartiality of the trial judge and prevented the defendant's counsel from making a proper record and in formulating objections to testimony. Since the trial court has considerable discretion in ruling on motions for a new trial, our review of the record discloses no abuse of discretion on the part of the trial court in overruling defendant's motion for new trial in the foregoing regards. See *State v. Sheffey*, 234 N.W.2d 92, 98 (Iowa 1975).

Defendant contends he was prejudiced by the officer's reference to one of his informants as being a "juvenile" in violation of the court's ruling on his motion in limine. We believe the trial court properly found that the use of the word "juvenile" did not prejudice the defendant as obviously the use of the word "juvenile" was inadvertent and we perceive no error on the part of the trial court in this regard.

We reach the same conclusion with respect to defendant's claim that the trial court erred in overruling his motion for new trial on the ground that Officer Edwards was permitted to relate defendant's statement to him that he was a drug dealer. The reference to that statement appears in the transcript testimony as follows:

"Q. What other conversation did you have with him [Defendant]?

"A. I asked him if he had any knowledge of any dealers, larger dealers, in the Des Moines area that he would like to cooperate and maybe assist us with.

"Q. What did he reply?

"MR. MILLER: I'd object to that, your Honor, as not being relevant or material, being hearsay, being an opinion and conclusion of this witness and not being a—being an interrogation type of question which would not be admissible normally in trial and it's an indirect method to secure hearsay evidence.

"THE COURT: Overruled.

"MR. MILLER: Not relevant.

"A. His reply to me was he knew of no other dealers that were larger than himself in the Des Moines area.

"MR. MILLER: Move to strike that pursuant to the objection, your Honor.

"THE COURT: Overruled."

The defendant contends the questions and answers above were not relevant to any issue in the case, but the State argues error was not preserved since no objection was made to the particular answer. We cannot agree with the State's contention in this regard.

The trial court has great discretion in determining whether evidence presented is relevant and material. *State v. Watts*, 244 N.W.2d 586, 589 (Iowa 1976); *State v. Johnson*, 219 N.W.2d 690, 698 (Iowa 1974). The statement attributed to the de-

fendant is an admission on the part of the defendant which contradicts his plea of not guilty and is evidence of the intent element of the crime. See *State v. Ritchison*, 223 N.W.2d 207, 212 (Iowa 1974); *Wiles v. Myerly*, 210 N.W.2d 619, 628 (Iowa 1973); *State v. Williams*, 207 N.W.2d 98, 107–108 (Iowa 1973). The statements of the defendant testified to by Officer Edwards with respect to the defendant being a drug dealer were relevant to the fact situation in the case, and the trial court did not err in overruling defendant's motion for a new trial on the ground that such evidence was permitted into the record over defendant's objection.

We find no merit in any of the issues stated for review by the defendant save and except for his contention that the court erred in refusing to consolidate the counts and requiring the defendant to proceed to trial on two separate counts for sale and possession of controlled substances which were obviously identical, but were referred to by different generic terms. We, therefore, set aside and void the conviction of the defendant on the second count charged against him in the information, and the sentence imposed pursuant to his conviction on the second count. The sentence imposed on defendant's conviction on the first count was mandatory and is not affected by our reversal herein of his conviction on the second count. This case is otherwise affirmed.

Affirmed in part, reversed in part, but not remanded.